NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PHU MANG PHANG,**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2009-5118

---

Appeal from the United States Court of Federal Claims in 08-CV-647, *Chief Judge* Emily C. Hewitt.

---

Decided: July 13, 2010

---

PHU MANG PHANG, of San Gabriel, California, pro se.

CHRISTOPHER A. BOWEN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. On the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARK A. MELNICK, Assistant Director.

---

Before LOURIE, BRYSON, and GAJARSA, *Circuit Judges*.

PER CURIAM.

Phu Mang Phang ("Phang") appeals from the decision of the United States Court of Federal Claims ("the Claims Court") dismissing his complaint for lack of subject matter jurisdiction. We *affirm*.

## BACKGROUND

Phang was arrested on August 26, 2005, during an undercover drug operation by the Drug Enforcement Administration ("DEA"). On September 9, 2005, Phang was indicted on three counts: Count one charged conspiracy to possess with the intent to distribute and conspiracy to distribute cocaine under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; count two charged attempt to possess with intent to distribute cocaine under 21 U.S.C. § 841(a)(1) and (b)(1)(A); and count three subjected Phang's property used to facilitate the commission of the charged offenses or derived from the offenses to criminal forfeiture under 21 U.S.C. § 853. According to Phang, DEA agents seized over $2 million worth of his property in conjunction with his arrest, including over $1.5 million in United States currency.

On August 11, 2006, Phang entered into a plea agreement with the United States Attorney's Office for the Central District of California ("USAO"). Pursuant to that agreement, on August 15, 2006, Phang pled guilty to the first count of the indictment, and the USAO dismissed the remaining counts, including the criminal forfeiture charge, on June 25, 2007. According to Phang, the USAO's dismissal of the forfeiture charge obligated the government to return his seized property, which he claims the government never did.

On September 12, 2008, Phang filed a complaint against the United States at the Claims Court, alleging fraud, fraud in the inducement, and breach of contract. Specifically, Phang alleged that the USAO fraudulently induced him to enter into the plea agreement by promising to return his property and then breached the agreement by failing to return the property upon dismissal of the forfeiture charge. Phang sought return of his property or, in the alternative, over $2 million in damages.

On June 12, 2009, the Claims Court dismissed Phang's complaint for lack of subject matter jurisdiction. *Phang v. United States*, 87 Fed. Cl. 321, 325 (2009). The court first held that it did not have jurisdiction to hear Phang's claims for fraud and fraud in the inducement because its jurisdictional statute, the Tucker Act, specifically excludes all claims sounding in tort and *Awad v. United States*, 301 F.3d 1367 (Fed. Cir. 2002), cited by Phang, extends the Claims Court's jurisdiction only to tort claims that lack a basis independent from an alleged contract with the government. *Id.* at 326. The Claims Court next held that it lacked jurisdiction over Phang's wrongful forfeiture claim under 28 U.S.C. § 2465 regardless whether the forfeiture was an *in rem* forfeiture under 21 U.S.C. § 881 or a criminal *in personam* forfeiture under 21 U.S.C. § 853, noting also that because § 2465 provides only for the return of property, it is not a money-mandating statute as required for Tucker Act jurisdiction. *Id.* at 326-28. Finally, the court held that it lacked jurisdiction over Phang's contract claim because the plea agreement failed to clearly and unmistakably subject the government to monetary liability for a breach as required by *Kania v. United States*, 650 F.2d 264 (Ct. Cl. 1981) and *Sanders v. United States*, 252 F.3d 1329 (Fed. Cir. 2001). *Id.* at 328-29.

Phang timely appealed.  We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review a decision of the Claims Court to dismiss a complaint for lack of jurisdiction *de novo*.  *Shearin v. United States*, 992 F.2d 1195, 1195 (Fed. Cir. 1993).  As the party seeking the exercise of jurisdiction, Phang bears the burden of establishing that jurisdiction exists.  *Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991).  Phang advances three arguments on appeal as to why the Claims Court has jurisdiction over his claims.  We address each in turn.

Phang first argues that the Claims Court has jurisdiction over his claims for fraud and fraud in the inducement because these tort claims stem from his breach of contract claim, again citing *Awad*, 301 F.3d 1367.  The government responds that Phang's fraud claims are expressly excluded by the Tucker Act and that *Awad*, 301 F.3d 1367, recognizes the Claims Court's jurisdiction only over nominal tort claims that in substance sound in contract, not over independent tort claims like Phang's.

We agree with the government.  The Tucker Act expressly excludes from the  Claims Court's jurisdiction tort claims against the government.  It states that the "United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . *in cases not sounding in tort*."  28 U.S.C. § 1491(a)(1) (emphasis added).  In contrast, the Federal Tort Claims Act grants district courts exclusive jurisdic-

tion to hear tort claims against the United States. *Id.* § 1346(b)(1).

Our decision in *Awad* does not compel a different result. *Awad* merely recognized the well-established rule that "where a tort claim stems from a breach of contract, the cause of action is ultimately one arising in contract, and thus is properly within the exclusive jurisdiction of the Court of Federal Claims." 301 F.3d at 1372. Accordingly, we held that the Claims Court had jurisdiction over Awad's false imprisonment, intentional infliction of emotional distress, and negligence claims as those claims all arose from an alleged breach of the government's contractual obligations to provide Awad with U.S. citizenship and a passport. *Id.* at 1372-74. Here, in contrast, Phang's fraud claims are separate from and independent of the government's obligations under the plea agreement; the government's duty not to knowingly make misrepresentations to induce Phang to sign the plea agreement did not arise from the government's obligations under the agreement but from tort law. Thus, the Claims Court correctly held that it lacked jurisdiction over Phang's tort claims.

Phang next argues that the Claims Court has jurisdiction over a wrongful forfeiture claim under 28 U.S.C. § 2465 because § 2465 is a money-mandating statute. According to Phang, § 2465 mandates the payment of money damages by requiring the return of property and the payment of interest and attorneys' fees. The government responds that, rather than being money mandating, § 2465 is derivative in its application, requiring the return of property only upon a favorable finding in a forfeiture proceeding. But regardless, the government argues, because Phang fails to contest the alternative

grounds on which the Claims Court held that it lacked jurisdiction under § 2465, Phang's argument is moot.

Again we agree with the government. Section 2465 requires that "[u]pon the entry of a judgment for the claimant in any proceeding to condemn or forfeit property seized or arrested under any provision of Federal law – (1) such property shall be returned forthwith to the claimant." 28 U.S.C. § 2465(a)(1). It also makes the government liable for reasonable attorneys' fees and post-judgment interest. *Id.* § 2465(b). Thus, on its face, the statute provides only for the return of forfeited property along with certain costs incurred in seeking that return, and thus cannot properly be interpreted as mandating monetary compensation by the government as a result of the seizure. *See United States v. One 1979 Cadillac Coupe De Ville*, 833 F.2d 994, 999 (Fed. Cir. 1987) (holding no jurisdiction under the little Tucker Act and § 2465 to award monetary damages for the depreciation of property seized). But regardless whether or not § 2465 is a money-mandating statute, Phang has failed to challenge on appeal the Claims Court's additional grounds for holding it lacked jurisdiction over an *in rem* or criminal *in personam* forfeiture claim. As such, we affirm the Claims Court's decision that the court lacked jurisdiction under § 2465.

Finally, Phang argues that the Claims Court has jurisdiction over his breach of contract claim under *Kania*, 650 F.2d 264, and *Sanders*, 252 F.3d 1329, because the USAO had the authority to enter into the plea agreement, and either that agreement or § 2465 clearly and expressly requires the government to pay money under the agreement. In response, the government asserts that the Claims Court lacks jurisdiction over Phang's breach of contract claim under *Sanders*, 252 F.3d 1329, because the

plea agreement is not only silent with respect to the release of Phang's property but also does not purport to require the United States to pay money under any circumstances.

We again agree with the government. This court in *Sanders* held that the government's alleged breach of an agreement with a criminal defendant is cognizable in the Court of Federal Claims only if the agreement "clearly and unmistakably subjects the United States to monetary liability for any breach." 252 F.3d at 1331; *see also id.* at 1335 (citing *Kania*, 650 F.2d at 268). Such liability cannot be implied, but "require[s] the same kind of express language . . . required by the unmistakability doctrine concerning government liability for the exercise of sovereign power." *Id.* at 1336. That standard is not met here as neither § 2465 nor the plea agreement itself contains express language subjecting the government to monetary liability for a breach. Section 2465 relates only to the return of property, not to monetary liability. Similarly, the plea agreement states only that the USAO will dismiss the remaining counts of the indictment against Phang; it is silent with respect to the release of Phang's property and nowhere subjects the United States to monetary liability. Accordingly, we affirm the decision of the Claims Court that it lacked jurisdiction over Phang's breach of contract claim.

For the foregoing reasons, we *affirm* the decision of the Claims Court dismissing Phang's complaint for lack of subject matter jurisdiction.

COSTS

No costs.