**Donald Holt REID, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 10–470 C.

United States Court of Federal Claims.

Nov. 10, 2010.

Donald Holt Reid, Eureka, CA, pro se.

John Hunter Bennett, Washington, DC, with whom were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER

HEWITT, Chief Judge.

Before the court are plaintiff's Complaint (Complaint or Compl.), Docket Number (Dkt. No.) 1, filed July 19, 2010; Defendant's Motion for Summary Dismissal of Pro Se Complaint (defendant's Motion or Def.'s Mot.), Dkt. No. 7, filed September 16, 2010; plaintiff's Court Ordered Response to Defendant's Motion for Dismissal (plaintiff's Response or Pl.'s Resp.), Dkt. No. 13, filed October 20, 2010; and Defendant's Reply in Support of Motion for Summary Dismissal of Pro Se Complaint (defendant's Reply or Def.'s Reply), Dkt. No. 14, filed November 3, 2010.

Defendant moves to dismiss plaintiff's Complaint for lack of jurisdiction pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC). Def. Mot. 1. For the following reasons, the court GRANTS defendant's Motion.

## I. Background

Pro se plaintiff Donald Holt Reid (plaintiff or Mr. Reid) makes numerous allegations against various defendants and seeks twenty million dollars in damages. Compl. 1. Mr. Reid appears to allege violations of his constitutional rights, including discrimination, failure to follow due process of law, "abnormal means of legal representation," "extremely high and unaffordable ... bonds" and "illegal search and seizure of one's property," as well as claims for assault, "arrest detainment and incarceration," and false imprisonment against the United States, the United States Department of Justice, the State of California, the California Department of Justice, Humboldt County, California, the cities of Eureka, California, and Arcata, California, "the Justice Department of the County of Humboldt, cities of Eureka ... and Arcata," the "judicial courts of the Superior Court of California, Superior Court of the city of Eureka[,] ... Humboldt Superior Court," and the Eureka Police Department. Compl. 1, 3–6.

In a separate section of his Complaint, Mr. Reid appears to allege claims relating to a rental deposit. Mr. Reid asserts claims against two individuals, Steve Strombeck and Simone Wyche of Strombeck Realty and Property Management, for discrimination and "failure to return [Mr. Reid's] rental deposit before the legal date guidelines." Compl. 6. Mr. Reid also asserts allegations of "illegal use of a rental deposit," identity theft and embezzlement against the "United States Trade Commission" and the "United States Equal Opportunity/Housing Commission." Compl. 6.

Mr. Reid asserts that Wells Fargo Bank forced him to empty his safe deposit box, to close his checking and savings accounts and to make payments on his credit cards. See Compl. 7. Mr. Reid alleges that the Arcata Police Department confiscated his property from his safe deposit box, "[w]hich entailed wrongful search seizure." Compl. 7.

Mr. Reid alleges that the College of the Redwoods discriminated against him by denying him entry into the "college work study program and other state funded programs because of a prior felony charge narcotics arrest," Compl. 7, and that the Humboldt Transit Authority and the Redwood Transit Authority discriminated against him by denying him "the privilege of riding public transit on two occasions," Compl. 7–8.

Finally, Mr. Reid asserts a general allegation that the "County of Humboldt, State of California, City of Eureka, state of California parole and probation/state of California parole Authority agencies[,] State of California District Attorney's Office[,] Arcata Police De-

partment, Wells Fargo Bank Inc., [E]ureka Police Department, Humboldt County sheriffs Dept.[,] County of Humboldt, city of Eureka prosecutor's office in the state of California[,] Humboldt transit authority[,] Redwood transit Authority, city of Eureka[, and] County of Humboldt California ... committ[ed] violations of law and malfunction in the Civil Code...." Compl. 6.

Defendant contends that the court lacks subject matter jurisdiction over plaintiff's claims and that plaintiff has failed to state a claim upon which relief can be granted. Def.'s Mot. 1. The court agrees.

II. Legal Standards

A. 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction

■■■ Subject matter jurisdiction is a threshold matter which a court must determine at the outset of a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998); *PODS, Inc. v. Porta Stor, Inc.*, 484 F.3d 1359, 1365 (Fed.Cir.2007). The plaintiff bears the burden of establishing the court's jurisdiction by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed.Cir.1988) (citing *Zunamon v. Brown*, 418 F.2d 883, 886 (8th Cir.1969)). The court must accept as true all undisputed allegations of fact made by the non-moving party and draw all reasonable inferences from those facts in the non-moving party's favor. *Henke v. United States*, 60 F.3d 795, 797 (Fed.Cir.1995). Complaints filed by pro se plaintiffs are generally held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Nevertheless, pro se plaintiffs must meet jurisdictional requirements. *Bernard v. United States*, 59 Fed.Cl. 497, 499, *aff'd*, 98 Fed.Appx. 860 (Fed.Cir.2004) (unpublished). If the court determines that it does not have jurisdiction, it must dismiss the claim. RCFC 12(h)(3).

■■■ The Tucker Act establishes and limits the jurisdiction of the United States Court of Federal Claims (Court of Federal Claims). 28 U.S.C. § 1491 (2006). The Tucker Act provides that this court has jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act provides the waiver of sovereign immunity necessary for a plaintiff to sue the United States for money damages. *United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). However, the Tucker Act does not confer any substantive rights upon a plaintiff. *United States v. Testan*, 424 U.S. 392, 398–401, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). A plaintiff must establish an independent substantive right to money damages from the United States, that is, a money-mandating source within a contract, regulation, statute or constitutional provision itself, in order for the case to proceed. *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1306 (Fed.Cir.2008).

B. Transfer for Lack of Subject Matter Jurisdiction

■■■ Under 28 U.S.C. § 1631, a federal court may transfer a case to another federal court when (1) the transferring court lacks subject matter jurisdiction; (2) the case could have been brought in the transferee court at the time it was filed; and (3) such a transfer is in the interest of justice. *See Rodriguez v. United States*, 862 F.2d 1558, 1559–60 (Fed.Cir.1988) (citing *Town of North Bonneville, Wash. v. U.S. District Court*, 732 F.2d 747, 750 (9th Cir.1984)).

C. 12(b)(6) Motion to Dismiss for Failure to State a Claim

■■■ If a plaintiff's complaint fails to state to state a claim upon which relief can be granted, the court must dismiss that claim. *See* RCFC 12(b)(6). In determining whether it should grant the 12(b)(6) motion, the court "must accept as true all the factual allegations in the complaint" and make "all reasonable inferences in favor of the non-movant." *Sommers Oil Co. v. United States*, 241 F.3d 1375, 1378 (Fed.Cir.2001) (internal

citations omitted). A plaintiff's factual allegations are sufficient to defeat a 12(b)(6) motion when the complaint has "facial plausibility," meaning that the pleading "allows the court to draw the reasonable inference that the defendant is liable...." *Grayton v. United States,* 92 Fed.Cl. 327, 334 (2010) (quoting *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)).

## III. Discussion

For the following reasons, all of plaintiff's claims are dismissed. Additionally, the court finds that transfer of plaintiff's case to another federal court is inappropriate.

### A. The Court Lacks Jurisdiction Over Claims Against Defendants That are not the United States

 In his Complaint, Mr. Reid appears to assert claims against the United States, federal government agencies, the State of California, state government agencies, localities, local government agencies, and private individuals and entities.[1] *See* Compl. 1, 3–8. The Court of Federal Claims does not have jurisdiction to hear plaintiff's claims naming states, localities, state government agencies, local government agencies and private individuals and entities as defendants. *See United States v. Sherwood,* 312 U.S. 584, 588, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); *Moore v. Pub. Defenders Office,* 76 Fed.Cl. 617, 620 (2007) ("When a plaintiff's complaint names private parties, or local, county, or state agencies, rather than federal agencies, this court has no jurisdiction to hear those allegations.") (citing *Stephenson v. United States,* 58 Fed.Cl. 186, 190 (2003)). Therefore, pursuant to RCFC 12(b)(1), plaintiff's claims against states, localities, state government agencies, local government agencies and private individuals and entities are dismissed for lack of jurisdiction.

1. Defendant argues that plaintiff mentions various federal agencies "as sources of law and/or regulations underlying his claims rather than as defendants." Defendant's Motion for Summary Dismissal of Pro Se Complaint, filed Sept. 16, 2010, 4 n. 2. However, given the liberal pleading requirements afforded to pro se plaintiffs, *see*

### B. The Court Lacks Jurisdiction Over Plaintiff's Constitutional, Tort and Criminal Claims

 "The Court of Federal Claims is a court of limited jurisdiction." *Brown v. United States,* 105 F.3d 621, 623 (Fed.Cir. 1997). Plaintiff's constitutional, tort and criminal claims fall outside of that limited jurisdiction.

### 1. The Court Lacks Jurisdiction Over Plaintiff's Constitutional Claims

 Mr. Reid appears to allege violations of the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments. *See* Compl. 1, 3–6. "In order for this Court to have jurisdiction over constitutional ... claims, the claims must be money mandating." *Tasby v. United States,* 91 Fed.Cl. 344, 346 (2010) (citing *Mitchell,* 463 U.S. at 216, 103 S.Ct. 2961). Plaintiff did not allege any claims under the Constitution that are money-mandating. *See, e.g., Tasby,* 91 Fed.Cl. at 346 ("[T]he Fourth Amendment prohibition of unreasonable searches and seizures is not money-mandating.") (citing *LaChance v. United States,* 15 Cl.Ct. 127, 130 (1988)); *Tasby,* 91 Fed.Cl. at 346 ("[T]he Due Process Clause of the Fifth Amendment ... [is] not money-mandating.") (citing *LeBlanc v. United States,* 50 F.3d 1025, 1028 (Fed.Cir.1995)); *Milas v. United States,* 42 Fed.Cl. 704, 710 (1999) (finding that the Sixth Amendment is not money-mandating); *Tasby,* 91 Fed.Cl. at 346 ("[T]he Eighth Amendment prohibitions of excessive bail or fines, as well as cruel and unusual punishment, are not money-mandating.") (citing *Trafny v. United States,* 503 F.3d 1339, 1339 (Fed.Cir.2007)); *Tasby,* 91 Fed.Cl. at 346 ("[T]he Fourteenth Amendment's Due Process and Equal Protection Clauses ... are not money-mandating.") (citing *LeBlanc,* 50 F.3d at 1028). Therefore, pursuant to RCFC 12(b)(1), plaintiff's claims regarding violations the Fifth Amendment Due Process Clause, and the Fourth, Sixth,

*Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), it is the court's view that for purposes of a motion to dismiss under Rule 12(b)(6) of the Rules of the United States Court of Federal Claims, Mr. Reid has attempted to name the United States and various federal agencies as defendants.

Eighth and Fourteenth Amendments are dismissed for lack of jurisdiction.

### 2. The Court Lacks Jurisdiction Over Plaintiff's Tort Claims

■ Mr. Reid appears to allege that he is the victim of assault, identity theft, false imprisonment and invasion of privacy. Compl. 3–6. Assault, identity theft, false imprisonment and invasion of privacy are torts. *Burman v. United States*, 75 Fed.Cl. 727, 729 (2007) (stating that assault is a tort); *Aldridge v. United States*, 67 Fed.Cl. 113, 120 (2005) (stating that identity theft is a tort) (citing *Am. States Ins. Co. v. Capital Assocs. of Jackson Cnty., Inc.*, 392 F.3d 939, 941–42 (7th Cir.2004)); *Leitner v. United States*, 92 Fed.Cl. 220, 224 (2010) (stating that false imprisonment is a tort); *Mendes v. United States*, 88 Fed.Cl. 759, 762 (stating that invasion of privacy is a tort), *appeal dismissed*, 375 Fed.Appx. 4 (Fed.Cir.2009) (unpublished). The Court of Federal Claims does not have jurisdiction over claims sounding in tort. 28 U.S.C. § 1491(a)(1); *Brown*, 105 F.3d at 623. Because plaintiff's assault, identity theft, false imprisonment and invasion of privacy claims are tort claims, they are dismissed for lack of jurisdiction pursuant to RCFC 12(b)(1).

### 3. The Court Lacks Jurisdiction Over Plaintiff's Criminal Claims

■ Mr. Reid appears to allege claims of "criminal assault" and embezzlement. Compl. 6. Assault is a crime, *see, e.g.*, 18 U.S.C. § 113 (2006), as is embezzlement, *Mendes*, 88 Fed.Cl. at 762. The Court of Federal Claims does not possess jurisdiction over criminal claims. *Mendes*, 88 Fed.Cl. at 762 (citing *Matthews v. United States*, 72 Fed.Cl. 274, 282 (2006) and *Joshua v. United States*, 17 F.3d 378, 379 (Fed.Cir.1994)). Therefore, pursuant to RCFC 12(b)(1), plaintiff's criminal claims are dismissed for lack of jurisdiction.

### 4. The Court Lacks Jurisdiction Over Plaintiff's Discrimination Claims

■ Mr. Reid alleges that he is the victim of discrimination. Compl. 1, 3, 5, 7, 8. The Court of Federal Claims does not have jurisdiction over discrimination claims. *Hufford v. United States*, 85 Fed.Cl. 607, 608 (2009) (stating that the federal district courts have exclusive jurisdiction over discrimination claims (citing 28 U.S.C. § 1343(a))). Therefore, pursuant to RCFC 12(b)(1), plaintiff's discrimination claim is dismissed for lack of jurisdiction.

### C. Plaintiff's Unlawful Imprisonment Claim Fails to State a Claim Upon Which Relief Can Be Granted

■ Mr. Reid appears to allege an unlawful imprisonment claim. *See* Compl. 5. The Court of Federal Claims has jurisdiction over "any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495. In order to maintain an unlawful imprisonment claim under 28 U.S.C. § 1495, the plaintiff

must allege and prove that:

(1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and

(2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

28 U.S.C. § 2513(a). Furthermore, the plaintiff must provide a certificate of the court or pardon showing that the plaintiff meets the two requirements set forth in 28 U.S.C. § 2513(a). 28 U.S.C. § 2513(b). Here, Mr. Reid has not alleged either of the requirements set forth in 28 U.S.C. § 2513(a), nor has Mr. Reid provided the court with a certificate of the court or pardon, as required by 28 U.S.C. § 2513(b). Therefore, pursuant to RCFC 12(b)(6), Mr.

Reid's unlawful imprisonment claim is dismissed.

### D. Transfer of Plaintiff's Case to Another Court is Not Appropriate

 Although not requested to do so by plaintiff, the court considers sua sponte whether "it is in the interest of justice" to transfer plaintiff's Complaint to another court under 28 U.S.C. § 1631.[2] *See Tex. Peanut Farmers v. United States*, 409 F.3d 1370, 1374–75 (Fed.Cir.2005) (stating that the Court of Federal Claims should have considered whether transfer was appropriate once the court determined that it lacked jurisdiction). The court will transfer a case when a plaintiff articulates a clearly stated and nonfrivolous complaint. *See Phang v. United States*, 87 Fed.Cl. 321, 330–31 (2009), (declining to transfer the case on the grounds that plaintiff's claims "were unlikely to be meritorious in another court of the United States"), *aff'd*, 388 Fed.Appx. 961, 2010 WL 2788291, 2010 U.S.App. LEXIS 14276 (Fed.Cir. July 13, 2010) (unpublished). The court determines that it is not "in the interest of justice" to transfer plaintiff's Complaint to another jurisdiction. Plaintiff's Complaint does not provide a sufficiently clear description of the nature of the wrongs alleged such that this court is able to determine with any reasonable degree of certainty the court to which transfer would be appropriate.

## IV. Conclusion

For the foregoing reasons, Defendant's Motion for Summary Dismissal of Pro Se Complaint is GRANTED. The Clerk of Court shall ENTER JUDGMENT dismissing plaintiff's Complaint. No costs.

IT IS SO ORDERED.

---

**2.** Although plaintiff has not specifically requested a transfer, "the ... court [may] order[ ] transfer without being asked to do so by either party." *Tex. Peanut Farmers v. United States*, 409 F.3d 1370, 1375 (Fed.Cir.2005). The court considers transfer in this case because plaintiff is proceeding pro se, *see Skillo v. United States*, 68 Fed.Cl. 734, 743 n. 15 (2005) (granting transfer of plaintiffs' claims sua sponte), and because the transfer statute language "persuasively indicates that transfer, rather than dismissal, is the option of choice," *Britell v. United States*, 318 F.3d 70, 73 (1st Cir.2003) (citing 28 U.S.C. § 1631 (2006)).