Andrew P. KALICK, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 12–783 C

United States Court of Federal Claims.

(Filed: February 21, 2013)

Andrew P. Kalick, Mt. Ephraim, NJ, pro se.

Seth W. Greene, Trial Attorney, with whom were Stuart F. Delery, Principal Deputy Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

Pro Se; Motion to Dismiss; RCFC 12(b)(1); Transfer for Lack of Subject Matter Jurisdiction; 28 U.S.C. § 1631

### OPINION AND ORDER

HEWITT, Chief Judge

 Before the court is plaintiff's First Complaint [1] (Complaint or Compl.), Docket

---

1. The caption of plaintiff's First Complaint (Complaint or Compl.), Docket Number (Dkt. No.) 1, names as defendants "The United States; Eric K. Shinseki[,] Secretary of Veterans[ ] Affairs." *See generally* Compl. In all subsequent filings plaintiff has listed the United States as defendant. *See generally* Appl. to Proceed In Forma Pauperis (IFP Application), Dkt. No. 2; Pl.'s Reply to Def.'s Mot. to Dismiss (plaintiff's Response or Pl.'s Resp.), Dkt. No. 7.

Claims for relief against any party other than the United States, including officers of the United States government, "must be ignored as beyond the jurisdiction of the court." *See United States v. Sherwood*, 312 U.S. 584, 588, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); *Brown v. United States*, 105 F.3d 621, 624 (Fed.Cir.1997) ("The Tucker Act grants the [United States] Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials."). To the extent that plaintiff is alleging claims against the United States Secretary of Veterans Affairs in his individual capacity, such claims must be dismissed for lack of jurisdiction. However, as a pro se litigant, Mr. Kalick is entitled to the liberal construction of his pleadings, *cf. Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam) (stating that

Number (Dkt. No.) 1, filed by Andrew P. Kalick, pro se, on November 15, 2012; Defendant's Motion to Dismiss for Lack of Subject–Matter Jurisdiction (defendant's Motion or Def.'s Mot.), Dkt. No. 5, filed on January 14, 2013; Plaintiff's Reply to Defendant's Motion to Dismiss (plaintiff's Response[2] or Pl.'s Resp.), Dkt. No. 7, filed on January 25, 2013 by leave of the court; and Defendant's Reply in Support of its Motion to Dismiss for Lack of Subject–Matter Jurisdiction (defendant's Reply or Def.'s Reply), Dkt. No. 8, filed February 11, 2013.[3]

Plaintiff is a veteran of the United States Army (Army). *See* Compl. ¶ 8 (stating that plaintiff is a veteran); Pl.'s Resp. 1 (indicating that he served in the Army). Plaintiff contends that the United States Department of Veterans Affairs (the VA or defendant) has "determined that Plaintiff has a presently existing disability that derives from military service, but Defendant, through [the] VA, withholds paying compensation." Pl.'s Resp. 2. Plaintiff appears to contest the 0% disability rating given to him by the VA, *see* Compl. ¶¶ 10–12; *cf. infra* Part I.A (discussing percentage disability ratings), and requests that the court "grant a minimum of 10% disability and up to 100% compensation ... for his service[-]connected disabilities," Compl. 4.[4] Plaintiff also requests that the court "bar defendant from issuing and enforcing any and all regulations foisting upon service connected veterans 0% and noncompensable status of their disabilities." *Id.*

Defendant moves to dismiss plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of

the United States Court of Federal Claims (RCFC). Def.'s Mot. 1. Defendant argues that, "[t]o the extent that [plaintiff] is requesting that this Court review the denial of his benefits claim by the VA, this Court lacks jurisdiction over such claims." *Id.* at 4. Defendant also argues that "[t]his Court lacks authority to grant the injunctive relief sought by [plaintiff]." *Id.* at 5.

### I. Background

#### A. Veterans' Benefits, Generally

Section 1110 of title 38 of the United States Code permits the VA to award compensation to a veteran for a disability that was incurred during or was aggravated by military service (service-connected disability). *See* 38 U.S.C. § 1110 (2006) ("For disability resulting from personal injury suffered or disease contracted in line of duty, or for aggravation of a preexisting injury suffered or disease contracted in line of duty, ... the United States will pay to any veteran thus disabled ... compensation as provided in this subchapter...."). If the VA determines that a disability is service-connected, it uses a rating schedule to evaluate the degree of disability. *See* 38 C.F.R. § 3.321(a) (2012); *id.* § 4.1 (providing that the "rating schedule is primarily a guide in the evaluation of disability resulting from all types of diseases and injuries encountered as a result of or incident to military service"). The rating schedule consists of percentage ratings, which are based "upon the average impairments of earning capacity resulting from such injuries in civil occupations." 38 U.S.C.

---

a pro se complaint is held "to less stringent standards than formal pleadings drafted by lawyers"), and the court will therefore consider whether it has subject matter jurisdiction over plaintiff's claims against the United States, *cf. Naskar v. United States*, 82 Fed.Cl. 319, 320 (2008) ("[R]egardless of how a plaintiff frames a complaint, this court must look at the true nature of the claim." (internal quotation marks omitted)).

**2.** In this court, the brief filed to oppose a motion is called a response, and the subsequent brief filed in support of the motion is called a reply. *See* Rule 7.2 of the Rules of the United States Court of Federal Claims (setting out filing deadlines for responses and replies). The court there-

fore refers to Plaintiff's Reply to Defendant's Motion to Dismiss as plaintiff's Response.

**3.** Also before the court is plaintiff's IFP Application filed November 15, 2012. For the limited purpose of addressing the court's jurisdiction, plaintiff's IFP Application is GRANTED. Accordingly, the Office of the Clerk of Court is directed to file the Complaint with no filing fee.

**4.** The Complaint is organized into numbered paragraphs with the exception of a paragraph under a heading titled "Demand." *See generally* Compl. The court cites to paragraph numbers when citing to numbered paragraphs and page numbers when citing to portions under the Demand heading.

§ 1155. The percentage rating of disability that the VA assigns ultimately determines the amount of compensation, if any, the veteran will receive for his or her service-connected disability. *See* 38 U.S.C. § 1155 (providing that "payments of compensation shall be based" on the percentage ratings); *id.* § 1114 (providing the monthly compensation to be paid for each percentage rating).

### B. Plaintiff's Disability Benefits Application

Although plaintiff does not state when he filed an application for disability benefits with the VA, *see* Pl.'s Resp. 1 ("The question of ... *when* Plaintiff applied for benefits[ ] is irrelevant at this juncture ...."), plaintiff claims that the VA granted plaintiff's application for service-connected disability status related to "bi-lateral foot disabilities,"[5] *id.*; *see id.* at 2 (claiming that the "VA has ... determined that plaintiff has a presently existing disability that derives from military service" (emphasis omitted)); *cf.* Compl. ¶ 6 (referring to "Plaintiff's service[-]connected foot disabilities"). According to plaintiff, the VA rated plaintiff's disability at 0%. *See* Compl. ¶ 12 (referencing VA regulations that authorize the VA to assign "non compensable and 0% ratings"); *cf. id.* ¶ 15 (referring to a "rating decision ... dated October 2012" (internal quotation marks omitted)). Plaintiff appears to contend that by assigning him a 0% rating, the VA failed to compensate plaintiff for his service-connected disability in violation of 38 U.S.C. § 1110. *See id.* ¶ 10 ("38 USC 1110 mandates [that] the United States *'will pay'* to any veteran disabled compensation. 0% is not compensation and, thus, [the] VA is in direct contravention of 38 USC 1110.").

Plaintiff argues that when the VA determines that a veteran has a service-connected disability, the VA must compensate the veteran. *See id.* ¶ 13 ("VA cannot service connect disabilities and not pay any compensation ...."); *id.* ¶ 14 ("VA must rate and/or pay service[-]connected Plaintiff and other service [-]connected veterans compensation

under the law."). Plaintiff maintains that "Congress did not contemplate 'non compensable' disabilities ... but rather explicitly *mandated* compensation to veterans/others with service[-]connected disabilities." *Id.* ¶ 15; *see* Pl.'s Resp. 2 ("VA's only duty is to grant or deny service connection and thereafter rate the veteran under a percentage ranging from 10% to 100%." (capitalization and emphasis omitted)). Plaintiff claims that VA regulations that authorize the VA to assign a 0% rating are "unlawful[,] exceed[ ] VA authority and willfully contravene[ ] 38 USC 1110 'basic entitlement' of compensation." Compl. ¶ 11; *see id.* ¶ 3 (claiming that defendant, through "regulations[,] unlawfully expand[s] upon ... 38 USC 1110 in a willful desire to contravene the intent of Congress").

Plaintiff further argues that, by not compensating veterans with service-connected disabilities, the VA has committed "gross intentional misrepresentation" and "fraud," *see id.* ¶ 16, and has violated plaintiff's "Constitutional substantive and procedural due process rights," *id.* ¶ 4.

## II. Legal Standards

### A. Subject Matter Jurisdiction

■■■ The Tucker Act establishes and limits the jurisdiction of the United States Court of Federal Claims (Court of Federal Claims). *See* 28 U.S.C. § 1491 (2006). The Tucker Act affords this court jurisdiction over claims "against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." *Id.* § 1491(a)(1). Although the Tucker Act waives the sovereign immunity necessary for a plaintiff to sue the United States for money damages, *United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983), it does not confer any substantive rights upon a plaintiff, *United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). A plaintiff must establish an independent substantive

---

5. The Complaint indicates that the United States Department of Veterans Affairs (the VA or defendant) initially denied plaintiff's application for

service-connected disability status. Compl. ¶ 5 (referring to the VA's "initial denial of service connection").

right to money damages from the United States—that is, a money-mandating source within a contract, regulation, statute or constitutional provision—in order for the case to proceed. *See Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.,* 525 F.3d 1299, 1306 (Fed.Cir.2008).

"When considering a motion to dismiss for lack of subject matter jurisdiction under RCFC 12(b)(1), the Court accepts as true the undisputed allegations in the complaint and draws all reasonable inferences in favor of the plaintiff." *Low v. United States,* 90 Fed.Cl. 447, 450 (2009). The plaintiff bears the burden of establishing the court's jurisdiction by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed.Cir.1988); *Arakaki v. United States,* 62 Fed.Cl. 244, 247 (2004). Although complaints filed by pro se plaintiffs are held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam); *Vaizburd v. United States,* 384 F.3d 1278, 1285 n. 8 (Fed.Cir.2004), pro se plaintiffs must still meet jurisdictional requirements, *Bernard v. United States,* 59 Fed.Cl. 497, 499, *aff'd,* 98 Fed.Appx. 860 (Fed.Cir. 2004) (per curiam) (unpublished); *see also Kelley v. Dep't of Labor,* 812 F.2d 1378, 1380 (Fed.Cir.1987) ("[A] court may not similarly take a liberal view of [a] jurisdictional requirement and set a different rule for *pro se* litigants only."). A dismissal under RCFC 12(b)(1) "is warranted when, assuming the truth of all allegations, jurisdiction over the subject matter is lacking." *Arakaki,* 62 Fed. Cl. at 247 (internal quotation marks omitted). "When a party challenges the jurisdictional facts alleged in the complaint, the court may consider relevant evidence outside the pleadings to resolve the factual dispute." *Id.* (citing *Reynolds,* 846 F.2d at 747); *see* 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.30[3] (3d ed. 2012) ("[U]nlike a Rule 12(b)(6) dismissal, the court need not confine its evaluation to the face of the pleadings . . . ."). If the court determines that it does not have jurisdiction, it must dismiss the claim. RCFC 12(h)(3).

**B. Transfer for Lack of Subject Matter Jurisdiction**

Under 28 U.S.C. § 1631, a federal court may transfer a case to another federal court when (1) the transferring court lacks subject matter jurisdiction; (2) the case could have been brought in the transferee court at the time it was filed; and (3) such a transfer is in the interest of justice. 28 U.S.C. § 1631 (2006); *Stebbins v. United States,* 105 Fed.Cl. 81, 84 (2012). The federal courts that may be transferor or transferee courts under 28 U.S.C. § 1631 include "the courts of appeals and district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, the District Court of the Virgin Islands, the United States Court of Federal Claims, and the Court of International Trade." 28 U.S.C. § 610; *see also Smalls v. United States,* 87 Fed.Cl. 300, 309 (2009) (stating that this court can transfer cases only "to those courts identified in 28 U.S.C. § 610").

### III. Discussion

For the following reasons, the court finds that it lacks jurisdiction over plaintiff's claims and that it therefore must dismiss plaintiff's Complaint for lack of jurisdiction. *Cf.* RCFC 12(h)(3). The court also finds that, to the extent that any of plaintiff's claims could be transferred to another federal court under 28 U.S.C. § 1631, such a transfer would not be in the interest of justice.

**A. This Court Lacks Jurisdiction over Plaintiff's Claims**

**1. This Court Lacks Jurisdiction over Any Claim by Plaintiff Seeking Review of VA Veteran Benefit Determinations**

To the extent that plaintiff requests that the court review the VA's 0% rating decision, defendant argues that "this Court is 'prohibited from reviewing VA benefit determinations.'" Def.'s Mot. 4 (quoting *Addington v. United States,* 94 Fed.Cl. 779, 782 (2010)). Defendant is correct.

Section 511(a) of title 38 provides that the decisions of the Secretary of the VA (the Secretary) regarding veteran benefit de-

terminations may not be reviewed by any court except in limited circumstances:

> The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b),[6] the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

38 U.S.C. § 511(a) (footnote added). Notwithstanding this limitation on review, a statutorily authorized review process does exist. Decisions of the Secretary under 38 U.S.C. § 511(a) are "subject to one review on appeal to the Secretary," and "[f]inal decisions on such appeals shall be made by the Board [of Veterans' Appeals (Board)]." *Id.* § 7104(a). The Veterans Judicial Review Act of 1988 (VJRA), Pub.L. No. 100–687, 102 Stat. 4105 (codified as amended at 38 U.S.C. §§ 7251–7292), gives exclusive jurisdiction to review final decisions of the Board to the United States Court of Appeals for Veterans Claims (CAVC), *see* 38 U.S.C. § 7252(a), and review of those decisions is assigned exclusively to the United States Court of Appeals for the Federal Circuit (Federal Circuit), *see id.* § 7292(c); *Addington,* 94 Fed.Cl. at 782. Decisions by the Federal Circuit are final subject to review by the United States Supreme Court (Supreme Court) on certiorari. 38 U.S.C. § 7292(c). This court, therefore, does not have jurisdiction to review veteran benefit determinations. *Addington,* 94 Fed. Cl. at 782.

2. **This Court Lacks Jurisdiction over Plaintiff's Claim that Certain VA Regulations Violate 38 U.S.C. § 1110**

Plaintiff argues that certain VA regulations [7] "that allow/mandate non compensable and 0% ratings," Compl. ¶ 12, violate 38 U.S.C. § 1110, *id.* ¶ 11; *see id.* ¶ 3 (claiming that defendant, through "regulations[,] unlawfully expand[s] upon ... 38 USC 1110 in a willful desire to contravene the intent of Congress"). Plaintiff contends that 38 U.S.C. § 1110 is a money-mandating statute. Pl.'s Resp. 3. Plaintiff also claims that courts have "allowed challenges to VA regulations to determine whether the regulations were arbitrary and capricious or whether they violated statutory authority." *Id.* at 6 (emphasis omitted); *cf. Block v. Sec'y of Veterans Affairs,* 641 F.3d 1313, 1318 (Fed.Cir.2011) (stating that "several circuits held that section 211(a) [ (the predecessor to 38 U.S.C. § 511(a)) ] did not preclude judicial review of challenges to [VA] regulations based on claims that the regulations were unauthorized or substantively unlawful"); *Slotnick v. United States,* 8 Cl.Ct. 784, 787 (1985) (stating that challenges to VA regulations are an exception to the established rule that "§ 211(a) expressly restricts the jurisdiction of the federal courts by precluding review of VA benefit determinations").

 Defendant argues that 38 U.S.C. § 1110 "does not provide this Court with jurisdiction to hear claims relating to veterans benefits determinations." Def.'s Reply 2. Defendant is correct. Although 38 U.S.C. § 1110 provides that "the United States will pay [compensation] to any veteran" with a service-connected disability, 38 U.S.C. § 1110, on at least one occasion this court has found that 38 U.S.C. § 1110 does not provide the Court of Federal Claims "with separate and independent money-mandating jurisdiction," *Sullivan v. United States,* 46 Fed.Cl. 480, 487 (2000). Moreover, as defendant contends, " 'Congress may specify, in a

---

**6.** Section 511(b) provides four exceptions to subsection (a): "[T]he second sentence of subsection (a) does not apply to—(1) matters subject to section 502 of this title; (2) matters covered by sections 1975 and 1984 of this title; (3) matters arising under chapter 37 of this title; and (4) matters covered by chapter 72 of this title." 38 U.S.C. § 511(b) (2006). None of these exceptions applies in the circumstances of this case. *Cf. infra* Part III.B.2 (discussing why exception for 38 U.S.C. § 502 does not apply); Pl.'s Resp. 9

(stating that "[p]laintiff does not seek review in connection with an appeal under the provisions of chapter 72"). *See generally* Compl. (not invoking sections 1975 and 1984 of title 38 or chapter 37 of title 38).

**7.** Plaintiff does not cite to or otherwise identify the VA regulations that, he claims, violate 38 U.S.C. § 1110.

particular statute that mandates payment of money, that review is restricted to a court other than [the Court of Federal Claims.] This is the case for veterans' disability . . . benefits.' " *Cf.* Def.'s Reply 2 (alterations in original) (quoting *Rose v. United States,* No. 10–224C, 2010 WL 4340950, at *2 (Fed.Cl. Oct. 29, 2010) (unpublished)). Plaintiff asks the court to change the 0% disability rating assigned to him by the VA. *See* Compl. 4. As discussed above, *see supra* Part III.A.1, 38 U.S.C. § 511(a) prohibits this court from reviewing VA benefit determinations. This court therefore lacks jurisdiction over plaintiff's claim that certain VA regulations violate 38 U.S.C. § 1110.

### 3. This Court Lacks Jurisdiction over Plaintiff's Constitutional Claims

Plaintiff claims that the VA violated his "Constitutional substantive and procedural due process rights by unlawfully/improperly intentionally delaying full benefits (service connection) determinations and tender of full compensation as a result of service[-]connected injury/disabilities." Compl. ¶ 4; *see also id.* ¶ 5 (claiming that the VA violated plaintiff's "Constitutional Due process rights when it failed to properly locate/receive and/or suppressed Plaintiff's medical records").

 Defendant argues, correctly, that the due process clause of the Fifth Amendment " 'does not give rise to an action for money damages as required by the Tucker Act.' " *Cf.* Def.'s Reply 7 (quoting *Addington,* 94 Fed.Cl. at 783); *Allred v. United States,* 33 Fed.Cl. 349, 353 (1995) ("Case law clearly establishes that the Due Process Clause of the Fifth Amendment neither explicitly nor implicitly obligate[s] the federal government to pay damages." (alteration in original) (internal quotation marks omitted)), *appeal dismissed,* 78 F.3d 602 (Fed.Cir.1996) (unpublished table decision); *Wright v. United States,* 20 Cl.Ct. 416, 420 (1990) ("[T]he due process clause . . . does not create a cause of action for money damages against the United States."). This court is therefore without jurisdiction to hear plaintiff's due process claims.

### 4. The Court Lacks Jurisdiction over Claims Sounding in Tort

Plaintiff alleges that "[d]efendant committs/ed fraud" by "omitt[ing] the fact that it must pay Plaintiff compensation as required by 38 USC 1110." Compl. ¶ 16; *see id.* ¶¶ 15 (referring to defendant's "fraud and deception"), 17 (claiming that plaintiff has been prejudiced as a result of defendant's "fraud"). Plaintiff also claims that defendant's contention that the "VA does not have to pay compensation so long as it rates veterans such as Plaintiff 0% . . . is a material falsehood and gross intentional misrepresentation." *Id.* ¶ 16. Defendant does not address these allegations.

 To the extent that plaintiff claims that the VA fraudulently misrepresented its obligations under 38 U.S.C. § 1110, such a claim sounds in tort, *see Restatement (Second) of Torts* § 525 (1977) ("One who fraudulently makes a misrepresentation of fact, opinion, intention or law for the purpose of inducing another to act or to refrain from action in reliance upon it, is subject to liability to the other . . . ."), and this court lacks subject matter jurisdiction over claims that sound in tort, *see* 28 U.S.C. § 1491(a)(1); *Montego Bay Imps., Ltd. v. United States,* 25 Cl.Ct. 639, 658 (1992) (finding that "the essence" of the plaintiffs' claims "sound in tort and therefore do not fall within [the court's] Tucker Act jurisdiction"); *cf.* Pl.'s Resp. 9 (conceding that "this Court is expressly precluded from entertaining claims sounding in tort"). Because plaintiff's claim of fraudulent misrepresentation sounds in tort, the court lacks jurisdiction over it.

### 5. The Court Lacks Jurisdiction to Grant Plaintiff's Request for Injunctive Relief

 Plaintiff requests that the court "bar defendant from issuing and enforcing any and all regulations foisting upon service[-]connected veterans 0% and non[-]compensable status of their disabilities." Compl. 4. Defendant argues that plaintiff's request for injunctive relief is equitable in nature and that this court lacks the jurisdiction to grant such relief. Def.'s Mot. 5. Defendant is correct.

■ This court has never been afforded the general authority grant injunctive relief. *Marathon Oil Co. v. United States*, 17 Cl.Ct. 116, 119 (1989) (stating that the Claims Court [8] "specifically does not have general power to enter declaratory or injunctive relief."). Rather, this court may only award equitable relief under certain statutorily defined circumstances. *See Suess v. United States*, 33 Fed.Cl. 89, 92 (1995) ("[A]bsent statutory authorization, this court cannot grant equitable relief."). The limited circumstances under which this court may award equitable relief are not present here. This court has statutory authorization to award equitable relief in certain types of tax cases, *see* 28 U.S.C. § 1507 (2006); in disputes under the Contract Disputes Act of 1978(CDA),[9] *see id.* § 1491(a)(2); as part of its bid protest jurisdiction, *see id.* § 1491(b)(1)-(2); and—in cases where the equitable relief "is tied and subordinate to a money judgment," *James v. Caldera*, 159 F.3d 573, 580 (Fed.Cir.1998)—the court may "issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records," 28 U.S.C. § 1491(a)(2); *cf. Treece v. United States*, 96 Fed.Cl. 226, 232 (2010) ("The Court of Federal Claims may grant equitable relief ancillary only to those claims for monetary relief over which it has jurisdiction." (citing 28 U.S.C. § 1491(a)(2), (b)(2))). This case is not a tax case, nor does it invoke either the CDA or the court's bid protest jurisdiction. Further, the injunctive relief requested is not "tied and subordinate to a money judgment." *Cf. James*, 159 F.3d at 580; *Treece*, 96 Fed.Cl. at 232. Accordingly, the court lacks jurisdiction to grant plaintiff's request for injunctive relief.

**B. Transfer of Plaintiff's Claims to Another Court Is Not Appropriate**

**1. Transfer of Any Claim by Plaintiff Seeking Review of VA's Veteran Benefit Determinations Is Not Appropriate**

■ Plaintiff recognizes that he can appeal veteran benefit determinations to the Board. *See* Pl.'s Resp. 10. However, plaintiff contends that he is "proceed[ing] outside of that [path]," *id.*; *cf. infra* Part III.B.2 (discussing plaintiff's attempt to file a direct appeal with the Federal Circuit), and has not sought review by the Board of the VA's decision, Pl.'s Resp. 8. To the extent that plaintiff seeks review of the Secretary's 0% disability rating, the Board has exclusive jurisdiction to review the Secretary's final benefit determinations. 38 U.S.C. § 7104; *see supra* Part III.A.1. The court cannot transfer plaintiff's claim to the Board because it is not a proper transferee forum under 28 U.S.C. § 1631. *Cf. Smalls*, 87 Fed.Cl. at 309 (stating that this court can transfer cases only "to those courts identified in 28 U.S.C. § 610"); *Jackson v. United States*, 80 Fed.Cl. 560, 566 (2008) (stating that the Board is an administrative agency "and 28 U.S.C. § 1631 does not permit transfer from this Court ... to an administrative agency").

**1. Transfer of Plaintiff's Claim that Certain VA Regulations Violate 38 U.S.C. § 1110 Is Not Appropriate**

■ Plaintiff contends that district courts can hear "challenges to VA regulations to determine whether the regulations were arbitrary and capricious or whether they violated statutory authority." Pl.'s Resp. 6 (emphasis omitted). A district court could have juris-

---

8. The United States Claims Court (Claims Court) was established by the Federal Courts Improvement Act of 1982, Pub.L. No. 97–164, § 105(a), 96 Stat. 25 (amending chapter 7 of title 28 of the United States Code). *Minesen Co. v. McHugh*, 671 F.3d 1332, 1341 n. 2 (Fed.Cir.2012). The "Claims Court inherited the jurisdiction of its predecessor, the United States Court of Claims [(Court of Claims)]." *Id.*; *see Banks v. United States*, 102 Fed.Cl. 115, 152 n. 44 (2011) (stating that the "Court of Claims is the predecessor court to this court and a predecessor to the United States Court of Appeals for the Federal Circuit"). "Congress renamed the [Claims Court] the United States Court of Federal Claims by the Federal Courts Administration Act of 1992, Pub.L. No. 102–572, § 902, 106 Stat. at 4516." *Minesen Co.*, 671 F.3d at 1341 n. 2.

9. Congress recently amended the Contract Disputes Act of 1978(CDA) and enacted it into positive law. *See* Act of Jan. 4, 2011, Pub.L. No. 111–350, 124 Stat. 3677 (the CDA amendment). The CDA amendment relocates the provisions of the CDA from 41 U.S.C. §§ 601–13 (2006) to 41 U.S.C. §§ 7101–09 (Supp. IV 2011). *See* 41 U.S.C. §§ 7101–09.

diction over plaintiff's claim that certain VA regulations violate 38 U.S.C. § 1110. *Cf. Block*, 641 F.3d at 1318 (stating that "several circuits held that section 211(a) did not preclude judicial review of challenges to [VA] regulations based on claims that the regulations were unauthorized or substantively unlawful"); *Slotnick*, 8 Cl.Ct. at 787 (stating that challenges to VA regulations are an exception to the established rule "that § 211(a) expressly restricts the jurisdiction of the federal courts by precluding review of VA benefit determinations"); *cf. supra* Part III.A.2. However, because plaintiff fails to articulate a basis for his claim, or even identify which VA regulation(s) purportedly violate 38 U.S.C. § 1110, the court determines that it is not in the interest of justice to transfer this claim to a district court. *Cf.* 28 U.S.C. § 1631 (stating requirements for transfer); *Reid v. United States*, 95 Fed.Cl. 243, 250 (2010) ("The court will transfer a case when a plaintiff articulates a clearly stated and non-frivolous [claim]."); *Phang v. United States*, 87 Fed.Cl. 321, 330–31 (2009) (declining to transfer the case on the grounds that the plaintiff's claims were "unlikely to be meritorious in another court of the United States'), *aff'd*, 388 Fed.Appx. 961 (Fed.Cir. 2010) (per curiam) (unpublished).

Plaintiff also contends that "the VJRA contemplates that claimants can challenge VA regulations and general policies that affect their cases" by filing "a direct challenge before the Federal Circuit." Pl.'s Resp. 10; *see id.* at 7–8 ("The VJRA grants the Federal Circuit with exclusive jurisdiction to review direct challenges to VA regulations, rules of procedure, substantive rules of general applicability, statements of general policy, and interpretations of general applicability, including opinions and interpretations of the VA General Counsel that fit this description." (emphasis omitted)). According to plaintiff, "the Federal Circuit ... has direct jurisdiction ... under 38 USC 502," *id.* at 7 (emphasis omitted), and plaintiff requests that the court "transfer matters cognizable under the [Administrative Procedure Act] to the ... Federal Circuit," *id.* at 1. Defendant argues that although plaintiff "claims that he is seeking Federal Circuit review pursuant to '38 USC 502,' ... it is

clear that he is seeking judicial review of the VA's decision to 'withold[ ] paying compensation' for his alleged service-connected 'foot-related disabilities that have already been granted by the VA.'" Def.'s Reply 6 (second alteration in original) (emphasis omitted) (quoting Pl.'s Resp. 2).

Title 38 section 502 provides, in relevant part: "An action of the Secretary to which section 552(a)(1) or 553 of title 5 (or both) refers is subject to judicial review. Such review shall be in accordance with chapter 7 of title 5 and may be sought only in the ... Federal Circuit." 38 U.S.C. § 502. Sections 552(a)(1) and 553 of title 5 are part of the Administrative Procedure Act and govern procedures for agency rulemaking. *Preminger v. Sec'y of Veterans Affairs*, 632 F.3d 1345, 1348 (Fed.Cir.2011) (per curiam). Section 552(a)(1) requires agencies to publish certain information in the Federal Register, including "rules of procedure, ... substantive rules of general applicability adopted as authorized by law, and statements of general policy or interpretations of general applicability formulated and adopted by the agency." 5 U.S.C. § 552(a)(1) (2006). Section 553 provides guidance as to when an agency must follow notice and comment procedures for rulemaking. *Id.* § 553(b)-(c).

As defendant correctly notes, *see* Def.'s Reply 7, plaintiff does not allege that the VA violated the publication requirements of section 552(a)(1) nor does plaintiff allege that the VA violated notice and comment procedures in rulemaking. The court therefore finds that it is not in the interest of justice to transfer these claims to the Federal Circuit. *Cf.* 28 U.S.C. § 1631; *Reid*, 95 Fed.Cl. at 250; *Phang*, 87 Fed.Cl. at 330–31.

3. Transfer of Plaintiff's Constitutional Claims Is Not Appropriate

Plaintiff contends that his "Constitutional claims may be transferred to a District Court," Pl.'s Resp. 9, and requests that the court transfer his constitutional claims to the United States District Court for the District of New Jersey, *id.* at 1. However, the exclusive remedy for plaintiff's due process claims lies in the CAVC. *Davis v. United States*, 36

Fed.Cl. 556, 559 (1996) ("Since the enactment of the VJRA, federal courts have refused to entertain constitutional claims if they are based on the VA's actions in a particular case." (internal quotation marks omitted)). Because the CAVC is not a proper transferee court under 28 U.S.C. § 1631, this court cannot transfer plaintiff's due process claims to the CAVC. *Cf. Smalls*, 87 Fed.Cl. at 309 (stating that this court can transfer cases only "to those courts identified in 28 U.S.C. § 610").

[23, 24] Plaintiff also argues that "[d]istrict courts have jurisdiction over lawsuits challenging the constitutionality of title 38 statutes." Pl.'s Resp. 9; *see id.* at 5 (discussing *Johnson v. Robison*, 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974), in which the Supreme Court held that 38 U.S.C. § 211, the predecessor to 38 U.S.C. § 511, does not preclude federal courts from reviewing constitutional challenges to veterans' benefits legislation). Plaintiff concedes that his Complaint did not challenge the constitutionality of any statutes. *Id.* at 9. However, in his Response, plaintiff states that he "now challenge[s] the Constitutionality of 38 USC 511" and the "jurisdictional statutes arising under Chapter 72." [10] *Id.* at 10. Plaintiff does not offer any basis for his constitutional challenge to 38 U.S.C. § 511 or the "jurisdictional statutes arising under Chapter 72," *see id.* at 9–10 (arguing for transfer of plaintiff's constitutional claims), and the court finds that it is not in the interest of justice to transfer these claims, *cf.* 28 U.S.C. § 1631; *Reid*, 95 Fed.Cl. at 250; *Phang*, 87 Fed.Cl. at 330–31

4. Transfer of Plaintiff's Claims Sounding in Tort Is Not Appropriate

[25, 26] To the extent that plaintiff makes claims that sound in tort, *see supra* Part III.A.4 (construing plaintiff's allegations of fraud as a claim of fraudulent misrepresentation by the VA), a district court could have jurisdiction over such claims under the Federal Tort Claims Act, *see* 28 U.S.C.

§ 1346(b)(1) (providing United States district courts with exclusive jurisdiction over "claims against the United States ... for injury or loss of property ... caused by the negligent or wrongful act or omission of any employee of the Government" within the scope of employment). However, "a prerequisite to instituting a tort action against the United States [is] ... present[ing] such claim to the appropriate federal agency and receiv[ing] a denial of the claim from the agency." *Smalls*, 87 Fed.Cl. at 310. Plaintiff does not allege that he presented a tort claim to the VA or that he otherwise complied with the Federal Tort Claims Act. Accordingly, the court finds that it is not in the interest of justice to transfer plaintiff's claims to another court. *Cf.* 28 U.S.C. § 1631; *Reid*, 95 Fed.Cl. at 250; *Phang*, 87 Fed.Cl. at 330–31.

IV. Conclusion

For the foregoing reasons, defendant's Motion is GRANTED. The Clerk of Court shall ENTER JUDGMENT dismissing plaintiff's Complaint. No costs.

IT IS SO ORDERED.

---

10. Because these claims were raised for the first time in plaintiff's Response, the court finds them to be waived. *Cf. Casa de Cambio Comdiv S.A., de C.V. v. United States*, 291 F.3d 1356, 1366 (Fed.Cir.2002) (holding that a claim not raised in the plaintiff's complaint was waived); *Becton*

*Dickinson & Co. v. C.R. Bard, Inc.*, 922 F.2d 792, 800 (Fed.Cir.1990) ("[W]e see no reason to depart from the sound practice that an issue not raised by [a plaintiff] in its opening brief ... is waived.").