**Jim C. THAXTON, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 375–85C.**

United States Claims Court.

Nov. 24, 1986.

As Corrected Dec. 2, 1986.

John H. Gullett, Washington, D.C., for plaintiff.

Denise Butler Harty, with whom was Asst. Atty. Gen. Thomas W. Petersen,

**182**

Washington, D.C., for defendant. Noah Connell, of counsel.

### ORDER

SMITH, Chief Judge.

Plaintiff is a retired inspector for the United States Immigration and Naturalization Service. He seeks review of a determination by the Employees' Compensation Appeals Board (the "ECAB") upholding a decision of the Department of Labor's Office of Workers' Compensation Program (the "OWCP"). Due to a physical disability (myocardial infarction) suffered in the line of duty, plaintiff requested and was awarded augmented benefits based upon the dependency of his mother. The OWCP decision terminated his augmented disability benefits and assessed an overpayment. The OWCP's decision and the subsequent affirmance by the ECAB, were based upon a finding that due to plaintiff's mother's receipt of the minimum monthly social security benefits, she did not qualify as a dependent within the meaning of section 8110(a)(4) of the Federal Employees Compensation Act, 5 U.S.C. §§ 8101–8193 (1982). This matter is before the court on defendant's motion to dismiss for lack of subject matter jurisdiction.

At this juncture the court takes note that virtually the identical jurisdictional issue was presented by the same parties and counsel in a case recently decided by another judge of this court. *Thaxton v. United States,* No. 376–85C (Cl.Ct. Oct. 18, 1985). It is evident by the consecutive numbering of these cases that the two complaints were filed simultaneously. Counsel clearly had a duty to file a Notice of Related Case pursuant to RUSCC 77(f)(2). Both counsels' failure to comply with the court's rules shall be dealt with after a discussion of the merits of defendant's contention that this court lacks subject matter jurisdiction over the plaintiff's complaint.

### Discussion

■ *Lack of Subject Matter Jurisdiction*

5 U.S.C. § 8128(b)(2) provides that:

(b) The action of the Secretary [of Labor] or his designee in allowing or denying a payment under this subchapter is—

(1) final and conclusive for all purposes and with respect to all questions of law and fact, and

(2) not subject to review by another official of the United States or by a court by mandamus or otherwise.

The statute specifically prohibits judicial review of such decisions. Therefore, this court lacks subject matter jurisdiction over the plaintiff's complaint.

In discussing this statutory provision in the related *Thaxton* case, Judge Nettesheim stated that:

The United States Court of Claims consistently gave full effect to this specific statutory mandate by declining review of compensation decisions under the FECA. 'The remedy of the plaintiff, if he has any, lies with the office of the Secretary of Labor....' *Chapman v. United,* 204 Ct.Cl. 815, 816 (1974); *accord Landman v. United States,* 196 Ct.Cl. 778 (1971). These decisions are binding on the Claims Court. Other federal courts also adhere to the FECA finality standard. *Heilman v. United States,* 731 F.2d 1104 (3d Cir.1984); *Gill v. United States,* 641 F.2d 195 (5th Cir.1981).

*Thaxton,* No. 376–85C, slip op. at 1.

In *Thaxton,* the plaintiff requested the court to review a physical disability compensation order of the Department of Labor's Office of Worker's Compensation although he had not yet exhausted all of his administrative remedies. In her order, Judge Nettesheim noted that "even if an agency review had been sought and if the outcome had been perceived as unsatisfactory, this court still would lack subject matter jurisdiction over the claim." *Id.* at 2.

Based upon the foregoing, defendant's motion to dismiss the complaint for lack of subject matter jurisdiction is granted.

### Rule Violation

■ The court now addresses itself to a matter of concern which it confronts as a

result of this litigation: counsels' failure or refusal to comply with the court's rules of civil procedure. On June 25, 1985, plaintiff filed two complaints with the court, the instant action, No. 375–85C, and the aforesaid case dismissed by Judge Nettesheim, No. 376–85C.

RUSCC 77(f)(2)(A)–(C) provides:

(2) At the time a civil action is filed, or as soon as known thereafter, the attorney shall file and serve on all parties who have appeared a Notice of Related Case(s), stating whether any pending action and the action being filed appear

(A) to arise from the same or substantially identical transactions, happenings or events; or

(B) to call for determination of the same or substantially identical questions; or

(C) likely for other reasons to entail substantial duplication of labor if heard by different judges.

The two *Thaxton* cases qualify under at least subsections (B) and (C) of Rule 77(f)(2). Yet, in direct contravention of the rule, neither counsel filed the required Notice of Related Case. This negligent disregard, whether blatant or accidental, is inexcusable and merits discussion of the policy considerations underlying the rule.

Rule 77(f)(2) seeks to advance two important principles: the orderly and efficient administration of justice and the uniformity of judicial determinations.

First, it is in the best interest of the court to avoid piecemeal litigation which results in the waste of judicial and individual resources. The two *Thaxton* cases are identical parties, counsel, and issues. It is incomprehensible that counsel failed to file and serve the required Notice. Instead, the court was put on notice of the existence of the related case only indirectly, when defendant filed its reply brief on November 25, 1985, and made reference to Judge Nettesheim's October 1985 Order. These two cases should have been combined and disposed of by the same judge. The court may attend more swiftly to other pending matters if related cases are decided by a single judge. Wasting the court's time and resources is unfair both to the court and to the other litigants whose cases are held in abeyance.

Second, the rule seeks to minimize the occurrence of inconsistent decisions. It also seeks to guard against forum shopping, which is repugnant to the integrity of the court and those persons seeking legal redress. The failure to file a Notice of Related Case(s) allows a litigant to manipulate the court's docket and is an improper attempt to increase the chances of success. In essence, this contravention of the court's rules rewards a disingenuous litigant with more than one bite of the apple. Such an anomalous result will not be ignored by this court.

The obligation imposed by Rule 77(f)(2) falls upon both counsel. This responsibility initially fell to plaintiff's counsel since the complaints' consecutive docket numbers (Nos. 375–C and 376–C) indicate that they were filed simultaneously. Although the court will not speculate on his motives, disregard of the court's rules is not excused by ignorance or neglect. Counsel and the bar are hereby on notice that strict compliance with the rules of this court must be observed and their contravention will be neither overlooked, nor excused. Practitioners before this court or any court must be fully familiar with the rules. Unnecessary duplication of the court's resources will be dealt with severely in the future.

### Conclusion

Defendant's motion to dismiss is hereby granted. The Clerk is directed to dismiss plaintiff's complaint. Costs awarded to defendant to be paid by plaintiff's counsel for failure to file related case notice resulting in duplicative litigation.