NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-5065

CLARENCE JACKSON,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Clarence Jackson, of Decatur, Illinois, pro se.

Michael J. Dierberg, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Steven J. Gillingham, Assistant Director.

Appealed from: United States Court of Federal Claims

Judge Charles F. Lettow

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-5065

CLARENCE JACKSON,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED: July 10, 2007

_____

Before MICHEL, <u>Chief Judge</u>, LOURIE and BRYSON, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Clarence Jackson appeals from a decision of the Court of Federal Claims, No. 06–CV–686, dismissing his lawsuit for lack of subject matter jurisdiction. We <u>affirm</u>.

## BACKGROUND

On October 3, 2006, Mr. Jackson filed suit in the Court of Federal Claims as a <u>pro</u> <u>se</u> litigant. Interpreted liberally, Mr. Jackson's complaint alleges that he is entitled to worker's compensation benefits for injuries suffered while he was working for various employers, both public and private. He also alleges that he was wrongfully denied social security benefits, that the Department of Veterans Affairs wrongfully denied him

veterans benefits related to an injury he suffered in 1967, and that he is entitled to reinstatement and back pay based on wrongful removal from his position with the National Labor Relations Board because of racial bias. Last, he claims that property valued at $5,400 was stolen from him, "most likely by government agents."

The government moved to dismiss the action for lack of jurisdiction and, in the alternative, for failure to state a claim on which relief may be granted. Finding that Mr. Jackson did not allege a claim over which it possessed jurisdiction, the Court of Federal Claims dismissed the action. In the alternative, the court found that, with the exception of the denial of veterans benefits by the Department of Veterans Affairs, none of Mr. Jackson's claims accrued within the applicable statute of limitations period.

Mr. Jackson appeals, alleging that the government concealed military medical records that prove the existence of some of the injuries claimed to be compensable by workers' compensation and veterans benefits. He argues that the acts of concealment confer jurisdiction on the Court of Federal Claims and toll the statute of limitations.

DISCUSSION

The Tucker Act defines the subject matter jurisdiction of the Court of Federal Claims. It states, in pertinent part:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). Accordingly, the jurisdiction of the Court of Federal Claims is limited to cases in which "the constitutional provision, statute, or regulation in question expressly creates a substantive right enforceable against the federal government for

money damages." LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (citing United States v. Testan, 424 U.S. 392, 398 (1976)).

The trial court properly held that it lacks jurisdiction to adjudicate Mr. Jackson's workers' compensation claims. Those claims are entrusted to the Secretary of Labor, see 5 U.S.C. § 8121, and the Secretary's decisions are not reviewable in federal court, "by mandamus or otherwise," Thaxton v. United States, 11 Cl. Ct. 181, 182 (1986) (citing 5 U.S.C. § 8128(b)(2)). The Court of Federal Claims is also without jurisdiction to hear Mr. Jackson's claims for social security benefits. While the Social Security Administration's decisions regarding claims are subject to judicial review, those decisions are reviewable by the federal district courts, not the Court of Federal Claims. Marcus v. United States, 909 F.2d 1470, 1471 (Fed. Cir. 1990) (citing 42 U.S.C. §§ 405(g)–(h)).

The Court of Federal Claims also lacks jurisdiction to entertain Mr. Jackson's claim for veterans benefits. Those claims are decided by the Department of Veterans Affairs in the first instance, and the Department's decisions can be appealed only to the Court of Appeals for Veterans Claims, not to the Court of Federal Claims. Van Allen v. United States, 66 Fed. Cl. 294, 295-96 (2005) (citing 38 U.S.C. §§ 511, 7105, 7252(a)). Nor can Mr. Jackson's claims of wrongful termination be adjudicated in the Court of Federal Claims, as that court "is not an 'appropriate authority' to review an agency's personnel determination." United States v. Fausto, 484 U.S. 439, 454 (1988). Those determinations are governed by the "comprehensive and integrated review scheme" of the Civil Service Reform Act of 1978, which vests reviewing authority for designated adverse employment actions in the Merit Systems Protection Board. Id.

Last, the Court of Federal Claims lacks jurisdiction over Mr. Jackson's claim that the federal government stole his property, a tort claim. The Court of Federal Claims has no jurisdiction over tort actions against the United States. Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997) (citing 28 U.S.C. § 1491(a) and Keene Corp. v. United States, 508 U.S. 200, 214 (1993)). Accordingly, the trial court correctly concluded that it lacked jurisdiction over any of Mr. Jackson's claims.

Mr. Jackson's allegation that the government concealed his medical records, and therefore caused him to fail to file his claims within the pertinent limitations period, does nothing to change the trial court's jurisdictional determination. Mr. Jackson has still failed to state a claim under a money-mandating constitutional provision, statute, or regulation for which Congress has not assigned review to a different tribunal. For that reason, we do not address the trial court's ruling regarding the statute of limitations and Mr. Jackson's argument as to why the limitations period should be tolled. We sustain the dismissal of the action for lack of jurisdiction.