NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANDREW P. KALICK,**

*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**

*Defendant-Appellee.*

---

2013-5065

---

Appeal from the United States Court of Federal Claims in No. 12-CV-783, Chief Judge Emily C. Hewitt.

---

Decided: November 13, 2013

---

ANDREW P. KALICK, of Mt. Ephraim, New Jersey, pro se.

SETH W. GREENE, Trial Attorney, Civil Division, Commercial Litigation Branch, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and PATRICIA M. MCCARTHY, Assistant Director. Of counsel were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and ANNA ELAZAN, Attorney, United

States Department of Veterans Affairs, of Washington, DC.

————————————

Before REYNA, TARANTO, and CHEN, *Circuit Judges.*

PER CURIAM.

Andrew Kalick appeals the Court of Federal Claims' decision that it lacked subject matter jurisdiction over Mr. Kalick's suit alleging that the United States Department of Veterans Affairs ("VA") erroneously denied him disability benefits. *Kalick v. United States*, 109 Fed. Cl. 551 (2013). For the reasons set forth below, we affirm.

## I. BACKGROUND

Mr. Kalick is a veteran of the United States Army. He applied to the VA for disability benefits for "bi-lateral foot disabilities" that he believed were connected to his military service. *Id.* at 554–55. The VA's determination on his application is not in the record, but Mr. Kalick contends that the VA found his injuries to be service-connected, yet assigned him a 0% disability rating.

Mr. Kalick sought review of the VA's decision by the Court of Federal Claims, asserting his entitlement to disability compensation under 38 U.S.C. § 1110. *Id.* at 555. On the government's motion, the court dismissed the complaint for lack of jurisdiction, holding that 38 U.S.C. § 511 and other provisions of Title 38, U.S. Code, require that any challenges to initial VA benefit decisions proceed through the Board of Veterans' Appeals ("BVA") and the United States Court of Appeals for Veterans Claims (with review then in this court). *Id.* at 556–58. Additionally, the court denied Mr. Kalick's alternative request to transfer his action to a district court or to this court. *Id.* at 559–61.

Mr. Kalick timely appealed the decision. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II. DISCUSSION

Whether the Court of Federal Claims possesses jurisdiction over a claim is a question of law subject to *de novo* review. *Western Co. of N. Am. v. United States*, 323 F.3d 1024, 1029 (Fed. Cir. 2003).

Mr. Kalick raises an individual challenge to the VA's decision to assign him a 0% disability rating. The Veterans Judicial Review Act of 1988 ("VJRA") establishes the appellate review process for individual challenges to VA benefits determinations. *See* 38 U.S.C. §§ 7104(a), 7266(a). Courts have uniformly ruled that the VJRA provides the exclusive regime for reviewing denials of veteran benefits. *See, e.g.*, *Jackson v. United States*, 242 Fed. App'x 698, 700–01 (Fed. Cir. 2007); *Zuspann v. Brown*, 60 F.3d 1156, 1158–59 (5th Cir. 1995); *Sugrue v. Derwinski*, 26 F.3d 8, 10–11 (2d Cir. 1994); *Hicks v. Veterans Admin.*, 961 F.2d 1367, 1369–70 (8th Cir. 1992). Under the VJRA, an individual challenge to the VA's initial benefits determination must be brought by filing a notice of disagreement ("NOD") with the BVA within one year of the determination. 38 U.S.C. §§ 7104(a), 7105(a). BVA decisions are subject to review only by the Court of Appeals for Veterans Claims. 38 U.S.C. § 7266(a). Thus, as we have previously noted, "the [VA's] decisions can be appealed only to the Court of Appeals for Veterans Claims, not to the Court of Federal Claims." *Jackson*, 242 Fed. App'x at 701. Therefore, the Court of Federal Claims properly found that it lacked subject matter jurisdiction over Mr. Kalick's suit.

Mr. Kalick's reliance on *Sabo v. United States*, 102 Fed. Cl. 619 (2011), is misplaced. *Sabo* concerned a claim for disability retirement pay brought under 10 U.S.C. § 1201, a different statute than at issue here. This court has found section 1201 to be a money-mandating statute, thereby conferring jurisdiction on the Court of Federal Claims for claims arising under that

statute. *See Chambers v. United States*, 417 F.3d 1218, 1223 (Fed. Cir. 2005); *Fisher v. United States*, 402 F.3d 1167, 1174–75 (Fed. Cir. 2005). Mr. Kalick's disability benefits claim, however, arises under 38 U.S.C. § 1110. As explained above, Title 38 establishes an exclusive remedial procedure for review of VA disability benefits decisions. In light of that detailed statutory scheme, Mr. Kalick must seek review of his claim through the VJRA's procedures; it is irrelevant whether section 1110 is a money-mandating statute, an issue we need not decide. *See United States v. Bormes*, 133 S. Ct. 12, 18 (2012) (explaining that jurisdiction under Tucker Act is displaced when money-mandating statute contains its own judicial remedies).

Furthermore, the Court of Federal Claims did not abuse its discretion by declining to transfer Mr. Kalick's suit to a district court or to us. *See Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1342 (Fed. Cir. 2008) (reviewing decision to transfer claim for abuse of discretion). First, Mr. Kalick's constitutional claims are based on the VA's decision regarding his individual benefits claim, and precedent uniformly holds that district courts lack jurisdiction over such allegations. *Zuspann*, 60 F.3d at 1159 ("Since the enactment of the VJRA, federal courts have refused to entertain constitutional claims if they are based on the VA's actions in a particular case."). Second, this case does not qualify as one which this court enjoys original jurisdiction to hear: that is, claims brought under 38 U.S.C. § 502 that allege an agency violated 5 U.S.C. § 552(a)(1)'s publication requirements or 5 U.S.C. § 553's notice-and-comment rulemaking requirements. Mr. Kalick alleges neither and, thus, transfer to our court would be inappropriate. *See Hilario v. Sec'y, Dep't of Veterans Affairs*, 937 F.2d 586, 589 (Fed. Cir. 1991) (finding that this court lacks original jurisdiction over a "challenge [to] the VA's application of the veterans' benefits statutes to the facts of his particu-

lar claim").[1]  The Court of Federal Claims thus acted well within its discretion in denying the motion to transfer.

We have considered Mr. Kalick's remaining arguments and conclude they are without merit.  For the foregoing reasons, the decision of the Court of Federal Claims is *affirmed*.

## AFFIRMED

### COSTS

No costs.

---

[1]  It appears that Mr. Kalick also requests that we toll a deadline for filing a future claim under the Administrative Procedure Act ("APA").  Appellant's Br. 13.  We decline to afford such equitable relief prospectively by tolling the filing deadline for an unfiled claim.