**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3542
_____

ANDREW P. KALICK,

　　　　　　　　　　　　　　Appellant

v.

UNITED STATES OF AMERICA; U.S. DEPARTMENT
OF VETERAN AFFAIRS; SECRETARY UNITED
STATES DEPARTMENT OF VETERANS AFFAIRS;
ALLISON HICKEY, UNDER SECRETARY OF VETERANS
AFFAIRS; VETERANS BENEFITS ADMINISTRATION;
TOM MURPHY, DEPARTMENT OF VETERANS AFFAIRS,
DIRECTOR OF COMPENSATION AND PENSION, IN
THEIR OFFICIAL CAPACITIES; UNITED STATES
DEPARTMENT OF EDUCATION; SECRETARY
UNITED STATES DEPARTMENT OF EDUCATION;
ROWAN UNIVERSITY BOARD OF TRUSTEES,
IN THEIR OFFICIAL CAPACITIES
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 1-13-cv-06456)
District Judge: Jerome B. Simandle
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 10, 2015

Before:  AMBRO, VANASKIE and SLOVITER, Circuit Judges

(Opinion filed: March 11, 2015)

_____

OPINION[*]

_____

PER CURIAM

Andrew P. Kalick appeals from an order of the District Court dismissing his complaint for lack of federal subject matter jurisdiction. For the reasons that follow, we will affirm.

Kalick filed a complaint in the United States District Court for the District of New Jersey against the United States, the Department of Veterans Affairs ("VA"), the Department of Education, and various individuals associated with those entities, claiming that 38 U.S.C. §§ 1110 and 1155 are unconstitutional, and that the VA violated the Takings Clause of the Fifth Amendment.[1] He also sued Rowan University, a state institution. Kalick is a veteran entitled to educational benefits from the VA, and, accordingly, while he was enrolled at Rowan the VA paid a portion of his tuition and fees. Soon after filing his complaint Kalick voluntarily dismissed his claims against all of the federal defendants, leaving Rowan as the only remaining defendant. Having done so he abandoned his claims that §§ 1110 and 1155 are unconstitutional and that the VA violated the Takings Clause.

The complaint against Rowan asserted various state law tort and contract claims, as follows: (1) common law fraud; (2) conversion; (3) breach of contract/violation of the

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Sections 1110 and 1155 of title 38 set forth the eligibility criteria for veterans' benefits for service-connected disabilities and the schedule for rating such disabilities.

New Jersey Transfer Act, N.J. Stat. Ann. § 18A:62-46 et seq.; (4) tortious interference with prospective business and economic advantage; (5) unjust enrichment; (6) trespass to chattels; (7) breach of implied covenant of good faith; (8) intentional infliction of emotional distress; (9) civil conspiracy/collusion; (10) breach of fiduciary duty; and (11) negligent misrepresentation of material fact. The allegations giving rise to these causes of action stemmed from a dispute over tuition payments, college credits, and grades awarded. Kalick alleged that Rowan failed to give him his degree and/or transcript because of a dispute over an unpaid tuition bill, even though he had successfully completed the requirements for an undergraduate degree. Kalick asserted in his complaint that jurisdiction over his claims was *not* proper in the Board of Veterans Appeals or United States Court of Federal Claims, notwithstanding that many of his allegations concerned his educational-assistance benefits under Chapter 30, 38 U.S.C. § 3001 et seq., and Chapter 33, 38 U.S.C. § 3301 et seq., Complaint ¶ 15(a)-(i).[2]

As to Rowan and its Board of Trustees, Kalick alleged a fraudulent scheme in which Rowan intentionally misrepresented that he was taking courses that did not count toward graduation, and, as a result, the "VA would (and did) claim indebtedness by Plaintiff to VA as a result of courses allegedly not counting toward graduation." Id. ¶ 11(b). In addition, "Rowan certified to [the] VA … that fees and tuition were charged in a certain amount that were (purportedly) lower than what Rowan represented to and charged to Plaintiff in an official account statement" and that Rowan "inflated the total

---

[2] We note that Kalick is familiar with the jurisdictional requirements for challenging his veterans' benefits, see generally Kalick v. United States, 541 F. App'x 1000 (Fed. Cir. 2013); Kalick v. United States, 109 Fed. Cl. 551 (2013).

tuition and fees by raising [the] health insurance fee approximately seven (7) times the previous amount" in order to "create … the appearance of indebtedness." Id. ¶ 11(e) (internal brackets and quotation marks removed). According to the complaint, Rowan in doing so unjustly enriched itself and is guilty of "extortion/blackmail by intentionally withholding Plaintiff's earned degree…." Id. ¶ 12. Kalick alleged that Rowan also will not release his transcript to prospective employers. He further alleged that Rowan did not allow certain credits he obtained prior to enrolling to transfer, in violation of the New Jersey Transfer Act; that some professors either intentionally failed him or gave him a grade of "D" and forced him to retake a course, thereby requiring him to expend additional money in order to complete his degree requirements; and that Rowan violated his due process rights by not conducting a hearing where he could call and confront witnesses. id. ¶ 24(g). He claimed that when he sought an administrative remedy for the grade disputes and Transfer Act violations, university officials met with him but then insulted him.

Rowan filed a motion to dismiss the complaint, arguing, in pertinent part, that subject matter jurisdiction was lacking, see Fed. R. Civ. P. 12(b)(1), because Kalick's claims did not arise under federal law. Rowan asserted that Kalick had an appropriate remedy available to him in state court. Kalick opposed the motion, arguing that federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 was predicated on a violation of his federal substantive and procedural due process rights, and that whether or not a debt was owed to Rowan was a dispute of constitutional dimension.

4

In an order entered on July 31, 2014, the District Court granted Rowan's motion to dismiss. Assuming that Rowan was a state actor for purposes of 42 U.S.C. § 1983, the Court determined that Kalick's conclusory allegations of constitutional violations did not convert his tort and contract claims into ones presenting federal questions. Kalick appeals. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the District Court's dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction. See Metro. Life Ins. Co. v. Price, 501 F.3d 271, 275 (3d Cir. 2007). The District Court may grant a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction based on the legal insufficiency of a claim. See Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991). Kalick's complaint must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A facial attack on the legal sufficiency of a claim of a federal question will succeed where the claim is "so insubstantial, implausible, foreclosed by prior decisions of [the United States Supreme Court], or otherwise completely devoid of merit as not to involve a federal controversy…." Oneida Indian Nation v. Cnty of Oneida, 414 U.S. 661, 666 (1974).

Because Kalick voluntarily dismissed all of the federal defendants against which his federal claims were asserted, his conclusory allegations of a federal question concerning his unpaid tuition bill, grades, and academic credits are legally insufficient to support jurisdiction in the federal courts under § 1331. Kalick does not seek a remedy granted by the Constitution or federal law, and none of the claims asserted against Rowan arise out of or implicate the Constitution or federal law. Kalick's general reference to his substantive and procedural due process rights does not convert his tort and contract

5

claims against Rowan into a federal case. The law, if any, that creates his cause of action for a refusal to physically deliver his degree and release his transcript is state and/or common law. He specifically crafted his complaint to avoid a suggestion that jurisdiction is proper in another federal setting, and asserted that he is not challenging the fact that the VA paid his educational assistance benefits at a rate of only 70% under Chapter 33 after he exhausted his Chapter 30 benefits. At bottom, this is a complaint that Rowan wrongfully inflated his tuition and fees and created suspect graduation requirements that forced him to spend more money on tuition, and that, for this reason, neither he nor the VA owe money to Rowan. This is wholly insubstantial to state a federal question under § 1331.

Specifically with respect to the transfer-of-credits issue and Rowan's grading systems and graduation requirements, we have said that federal courts are "ill-equipped to review the largely subjective academic appraisals of the faculty." See Mauriello v. Univ. of Med. and Dentistry of N.J., 781 F.2d 46, 50 (3d Cir. 1986). Even when a student is dismissed for academic reasons, "[a] formal hearing is not necessary…. [I]n the procedural due process context, informal review and evaluation sessions between student and faculty meet constitutional requirements." Id. The New Jersey Transfer Act does not confer greater benefits. As explained by the District Court, it provides for "policies and procedures for the implementation of an appeals process for students and institutions to resolve disputes regarding the transfer of academic credits, " id. at § 18A:62-46(c), but nothing in the act entitles Kalick to a hearing at which he can call and confront witnesses. His claim of a substantive due process violation is similarly

6

insubstantial.  Accordingly, we conclude that federal question jurisdiction is lacking, given the substantial discretion of school authorities over academic decisions regarding the completion of program requirements and the award of academic degrees.  See Bd. of Curators of Univ. of Mo. v. Horowitz, 435 U.S. 78, 90 (1978).

Kalick also appeals the Magistrate Judge's May 14, 2014 order denying his motion to overrule the Clerk's order extending the time under Local Civil Rule 6.1(b) for Rowan to answer or otherwise plead, and impliedly rejecting his appeal of the Clerk's decision not to process his request for a default judgment against Rowan.  Kalick asserts that he appealed the Magistrate Judge's order to the District Court.  Appellant's Brief at 3.  Rowan argues that Kalick did not appeal the Magistrate's Judge's order in accordance with Local Civil Rule 72.1(c), Appellee's Brief at 18.  We agree with Rowan.  After the Magistrate Judge issued his order, Kalick submitted a letter to the District Court in which he requested that, "in lieu of a magistrate judge," the District Court "receive all documents and decide all matters" in his case because the parties did not consent to jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c)(1).  See Docket Entry No. 24.  This item was not treated as a notice of appeal from the Magistrate Judge's order and apparently the District Court was unaware of it.

Local Civil Rule 72.1(c) provides in pertinent part that any party may appeal from a Magistrate Judge's determination of a pretrial matter, and "[s]uch party shall file with the Clerk … a written notice of appeal which shall specifically designate the order appealed … from and the basis for objection thereto."  D.N.J. Local R. Civ. P. 72.1(c)(1)(A).  Kalick's letter to the District Court is not titled "Notice of Appeal" and

7

argues only the issue of whether the Magistrate Judge had authority in the first instance to issue the May 14, 2014 order. Although Kalick concluded his letter by asserting that the Magistrate Judge's order was clearly erroneous and contrary to law and that thus the District Court had authority to reconsider it, see 28 U.S.C. § 636(b)(1)(A), the specific relief Kalick asked for was not reversal of the order itself but that "any referral of the case by your Honor be revoked." We conclude that the letter does not suffice as a notice of appeal from the Magistrate Judge's May 14, 2014 order because it was in substance a frivolous request that the District Court ignore Congress's grant of authority to magistrate judges, id., to decide pretrial matters.

A Court of Appeals may only review final orders of the District Court, 28 U.S.C. § 1291, absent consent of the parties, id. § 636(c)(1), to proceed before a magistrate judge. Although the failure to seek review of the Magistrate Judge's pretrial orders issued pursuant to § 636(b)(1)(A) is not a jurisdictional defect, see United States v. Polishan, 336 F.3d 234, 239-40 (3d Cir. 2003) (citing United States v. Brown, 79 F.3d 1499, 1503 (7th Cir. 1996)), a forfeiture rule generally applies. See United Steelworkers of Am. v. N.J. Zinc Co., 828 F.2d 1001, 1007-08 (3d Cir. 1987) ("[P]arties who wish to preserve their objections to a magistrate's order entered pursuant to § 636(b)(1)(A) must file their objections in the district court."). When Kalick did not properly seek review of the Magistrate Judge's order under the procedures specified by the local rules, he deprived the District Court of the opportunity to correct any errors; such an action is wasteful of scarce judicial resources. See Polishan, 336 F.3d at 240-41. Accordingly, his contention concerning the May 14, 2014 order is forfeited and we will not review it.

8

Last, the District Court properly declined to exercise supplemental jurisdiction over Kalick's state law claims pursuant to 28 U.S.C. § 1367(c)(4) because there were no compelling reasons for doing so.  Also, contrary to Kalick's assertion, Rowan is not a federal actor and thus <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), does not apply to this civil action.

For the foregoing reasons, we will affirm the order of the District Court dismissing the complaint without prejudice for lack of subject matter jurisdiction.