

# In the United States Court of Federal Claims

*Pro Se*
No. 15-1145C
Filed: January 29, 2016

**FILED**

JAN 2 9 2016

U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| GILBERT EDMUND LEWIS,<br><br>          Plaintiff,<br><br>    v.<br><br>THE UNITED STATES OF AMERICA,<br><br>          Defendant. | Keywords: RCFC 12(b)(1); Motion to dismiss; Veterans' Judicial Review Act; 38 U.S.C. § 7252; No Jurisdiction of Claims Sounding in Tort; 28 U.S.C. § 1491(a)(1). |

*Gilbert Edmund Lewis*, New York, NY, Plaintiff, *pro se*.

*Tanya B. Koenig*, Trial Attorney, with whom were, *Scott D. Austin*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, and *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, United States Department of Justice, Washington, DC, for Defendant.

## OPINION AND ORDER

**KAPLAN, Judge.**

Plaintiff Gilbert E. Lewis filed this action <u>pro se</u> to seek damages related to improper medical care he allegedly received at a Veterans Administration medical facility. The case is before the Court on the government's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"). For the reasons set forth below, the government's motion is **GRANTED** and the complaint is **DISMISSED** without prejudice.[1]

---

[1] Mr. Lewis filed a request to proceed in forma pauperis. To proceed in forma pauperis, a plaintiff must submit an affidavit that includes a list of all of their assets, a declaration that they are unable to pay the fees or give the security for an attorney, and a statement of the nature of their action and their belief that they are entitled to judgment. 28 U.S.C. § 1915(a)(1). Here, Plaintiff satisfied these requirements, and the Court therefore grants his application to proceed in forma pauperis for the limited purpose of dismissing the complaint.

## BACKGROUND[2]

Mr. Lewis alleges that "improper medical surgical diagnosis, procedure and after care" from the VHA resulted in the "botched appearance of [his] nose." Compl. at 1, ECF No. 1. According to Mr. Lewis, in 2007, he underwent outpatient services to address the results of this alleged malfeasance. However, due to the VHA's prior "negligence" in 1976, he claims, the outpatient procedure was more "difficult," and was ultimately "not complete." Id. Mr. Lewis alleges that "outside cosmetic medical surgeons" have confirmed that the care he received in 1976 was "incompetent." Id. In 2013, Mr. Lewis allegedly received confirmation from a medical intern at a VHA hospital that he had a "rhino vault deficiency." Id.

In addition to these claims, Mr. Lewis alleges that officials at the "U.S. Court of Appeals, [] the Board of Veteran Appeals, [and] the [VA] or Veterans Hospital" engaged in "political filibustering, duress, shenanigans and career finagling" in order to avoid addressing his claims. Id. It appears that Mr. Lewis has brought at least some of these claims of "malfeasance" to the Court of Federal Claims before; attached to Mr. Lewis's complaint is an opinion from the Chief Judge of this Court, dated August 31, 2015, regarding a federal judicial misconduct complaint filed by Mr. Lewis. Id. at 3. Chief Judge Campbell-Smith dismissed the complaint, noting that it was not lodged against a federal judge in the Court of Federal Claims, and that therefore, the Court did not have jurisdiction to consider the complaint. Id.

In his present complaint, Mr. Lewis seeks relief for the "heritage of medical malfeasance." Id. at 1. He requests compensation for "the initial trauma" related to his nose surgery, the "depreciation of his [c]ivil [l]iberties," and the alleged misconduct by federal officials. Id. The amount claimed for damages, according to the civil cover sheet accompanying his complaint, is $40,000,000.

## DISCUSSION

In ruling on a motion to dismiss, the court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The court may "inquire into jurisdictional facts" to determine whether it has jurisdiction. Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991). The plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. Brandt v. United States, 710 F.3d 1369, 1373 (Fed. Cir. 2013). Pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the court that jurisdictional requirements have been met. Kelley v. Sec'y, U.S. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

Pursuant to the Tucker Act, the United States Court of Federal Claims has jurisdiction to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or

---

[2] The facts set forth in this Opinion are based on the allegations in the complaint, which the Court accepts as true for purposes of ruling on the government's motion to dismiss.

implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a) (2012). The Tucker Act serves as a waiver of sovereign immunity and a jurisdictional grant, but it does not create a substantive cause of action. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008). A plaintiff, therefore, must establish that "a separate source of substantive law . . . creates the right to money damages." Id. (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)).

To the extent that Mr. Lewis's complaint is construed as a claim that he was a victim of medical malpractice at the hands of the DVA or tortious conduct by other federal officials, the Tucker Act expressly excludes claims "sounding in tort" from this Court's jurisdiction. See 28 U.S.C. § 1491(a)(1); New Am. Shipbuilders, Inc. v. United States, 871 F.2d 1077, 1079 (Fed. Cir. 1989) (observing that "[i]f the government misconduct alleged was tortious, jurisdiction is not granted the Claims Court under the Tucker Act"). Nor does this Court have jurisdiction over Mr. Lewis's claims to the extent that they involve allegations that he has been wrongfully denied benefits by the Veterans Administration. Kalick v. United States, 109 Fed. Cl. 551, 556–57 (2013), aff'd, 541 Fed. App'x 1000 (Fed. Cir. 2013). Such claims are subject to the Veterans' Judicial Review Act, 38 U.S.C. §§ 7251–99 (2006), which creates the sole statutory scheme under which former service members may challenge VA decisions denying access to veterans benefits. Under that Act, a veteran must first appeal the denial of his or her application to the Board of Veterans Appeals ("BVA"). 38 U.S.C. § 7104. Following an adverse decision by the BVA, the veteran can seek a judicial review by the Court of Veterans Appeals. 38 U.S.C. § 7252(a). Finally, it is the Federal Circuit that has jurisdiction to review a decision by the Court of Veterans Appeals, not the Court of Federal Claims. Ledford v. West, 136 F.3d 776, 782 (Fed. Cir. 1998).

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's motion to proceed in forma pauperis, **GRANTS** the government's motion to dismiss, and **DISMISSES** Plaintiff's complaint for lack of jurisdiction, without prejudice. The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

ELAINE D. KAPLAN
Judge

3