NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**YVONNE MURPHY HICKMAN,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2015-5134

---

Appeal from the United States Court of Federal Claims in No. 1:15-cv-00066-EDK, Judge Elaine Kaplan.

---

Decided: November 5, 2015

---

YVONNE MURPHY HICKMAN, Glen Burnie, MD, pro se.

MATTHEW PAUL ROCHE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., REGINALD T. BLADES, JR.

---

Before MOORE, REYNA, and WALLACH, *Circuit Judges.*

PER CURIAM.

Appellant Yvonne Hickman appeals the final judgment of the United States Court of Federal Claims ("Claims Court") dismissing her suit for lack of subject matter jurisdiction. *See Hickman v. United States*, 122 Fed. Cl. 645 (2015). For the reasons set forth below, this court affirms.

BACKGROUND

Ms. Hickman married Nathaniel Hickman on September 10, 2007 in Brunswick, Georgia. Appellee's App. 26. Mr. Hickman receives disability benefits from the United States Department of Veterans Affairs ("VA") for his service-connected disability resulting from his service during the conflict in Vietnam. *Id.* at 27–28.

In December 2009, the Hickmans separated. *Id.* at 29. Shortly after the separation, Ms. Hickman filed a claim for marital apportionment of Mr. Hickman's benefits. *Id.* at 11. In April 2010, the VA Regional Office awarded Ms. Hickman a marital apportionment of $150 per month. *Id.* at 15.

In August 2010, Mr. Hickman filed for divorce in the Superior Court of Glynn County, Georgia. *Id.* at 29–33. A final divorce decree was entered on September 13, 2011. *Id.* at 36, 38. Ms. Hickman appealed the decree to the Supreme Court of Georgia, which dismissed the appeal on September 10, 2012 for failure to follow discretionary appeal procedures. *Id.* at 40.

Prior to the issuance of the divorce decree, Ms. Hickman filed a claim with the VA for an increased apportionment of Mr. Hickman's benefits. *Id.* at 16. The VA did not award Ms. Hickman an increase in the marital apportionment; rather, in light of the divorce decree, the VA terminated Ms. Hickman's marital apportionment of Mr. Hickman's benefits. *Id.* at 19.

On October 15, 2012, the VA sent Ms. Hickman a letter informing her of the right to dispute the termination of her marital apportionment. *Id.* After Ms. Hickman's appeal to the VA Regional Office was denied, *id.* at 22, she appealed to the Board of Veterans' Appeals ("BVA"). *Id.* at 23. However, the record does not reflect the disposition of this appeal. *See id.* at 8–42; *see also Hickman*, 122 Fed. Cl. at 648.

On January 23, 2015, Ms. Hickman filed a Complaint pro se in the Claims Court against the United States. Appellee's App. 8. Ms. Hickman alleged the VA's termination of the marital apportionment violated her due process and equal protection rights under the Fourteenth Amendment of the Constitution. *Id.* at 8–9. Ms. Hickman also alleged her divorce was the result of fraud and the VA conspired against her when it terminated her marital apportionment in light of the divorce decree. *Id.* at 9–10. In particular, she contended the VA engaged in "fraud in misrepresentation and concealment" in continuing to rely on the allegedly fraudulent divorce decree to deny her VA benefits. *Id.* at 9. As a result of her alleged injuries, Ms. Hickman claimed entitlement to $100,000,000 in damages pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–80, as well as damages for interfering with her civil rights pursuant to 28 U.S.C. § 1343(a)(1)–(4) and 42 U.S.C. § 1985(3). Appellee's App. 8, 10.

On August 4, 2015, the Claims Court dismissed the Complaint under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims for lack of subject matter jurisdiction. *Hickman*, 122 Fed. Cl. at 651. Ms. Hickman timely appealed. This court possesses jurisdiction under 28 U.S.C. § 1295(a)(3) (2012).

DISCUSSION

## I. Standard of Review and Legal Framework

"This court reviews de novo the Court of Federal Claims decision to dismiss for lack of jurisdiction." *Waltner v. United States*, 679 F.3d 1329, 1332 (Fed. Cir. 2012) (citation omitted). "The Court of Federal Claims is a court of limited jurisdiction." *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) (citations omitted). The Tucker Act confers jurisdiction upon the Claims Court to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). However, the Tucker Act is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan,* 424 U.S. 392, 398 (1976). "[I]n order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (citations omitted).

## II. Ms. Hickman Has Not Asserted a Substantive Law Establishing Jurisdiction Under the Tucker Act

On appeal, Ms. Hickman asserts the Claims Court "refused evidence that the VA terminated [her] spousal support benefits on account of fraud upon the state court." Appellant's Br. 1. Ms. Hickman also asserts "[t]he court refused evidence that [she] ha[s] never been divorced." *Id.* However, the record does not reflect that the Claims Court refused to consider evidence submitted by Ms. Hickman. Rather, the court expressly stated the facts recounted in the "background" section of its opinion "are based on the allegations in the [C]omplaint and the

exhibits attached to the [C]omplaint, which are all accepted as true for purposes of deciding the government's motion to dismiss." *Hickman*, 122 Fed. Cl. at 647 n.2.

Based upon these facts, the Claims Court properly determined it lacked subject matter jurisdiction to hear Ms. Hickman's claim challenging the validity of her divorce decree issued by the State of Georgia. *Hickman*, 122 Fed. Cl. at 650. Claims against the State of Georgia do not fall within the Tucker Act's grant of jurisdiction which extends to "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department . . . ." 28 U.S.C. § 1491(a)(1). Rather, the United States Supreme Court is the only federal court that may review, under limited circumstances, a final judgment from a Georgia state court. *See id.* § 1257(a).

Ms. Hickman also argues that she "filed a benefits claim" and the Claims Court applied "tort law in fraud," thus allegedly refusing to hear her benefits claim. Appellant's Br. 1. Despite this argument, the record demonstrates that the Claims Court properly determined it lacked jurisdiction to review denials of veterans' benefits claims, including Ms. Hickman's marital apportionment claim. *Hickman*, 122 Fed. Cl. at 650. Challenging the denial of veterans' benefit claims must proceed first to the BVA, then to the United States Court of Appeals for Veterans Claims, and finally to this court. *See* 38 U.S.C. §§ 511(a) (decisions of the Secretary are final), 7104(a) (Secretary decisions are only appealable to the BVA), 7252(a) (Court of Appeals for Veterans Claims has exclusive jurisdiction to review BVA decisions), 7292(c) (this court has exclusive jurisdiction to review Court of Appeals for Veterans Claims decisions). Ms. Hickman deviated from this congressionally mandated process for appellate review of VA benefit claims.

Additionally, the Claims Court did not apply "tort law in fraud" as alleged by Ms. Hickman. Rather, the court explained the Tucker Act expressly limits its jurisdiction "to claims for damages 'not sounding in tort.'" *Hickman*, 122 Fed. Cl. at 651 (quoting 28 U.S.C. § 1491(a)(1)). Because Ms. Hickman's Complaint alleged injuries recognized as torts—i.e., misrepresentation, fraud, and conspiracy—the court lacked the subject matter jurisdiction to hear her claims. *Id.* (citing *Jumah v. United States*, 90 Fed. Cl. 603, 607–08 (2009), *aff'd*, 385 F. App'x 987 (Fed. Cir. 2010) (unpublished); *Phang v. United States*, 87 Fed. Cl. 321, 325 (2009), *aff'd sub nom. Phu Mang Phang v. United States*, 388 F. App'x 961 (Fed. Cir. 2010) (unpublished); *Berdick v. United States*, 612 F.2d 533, 536 (Ct. Cl. 1979)).

Finally, Ms. Hickman argues the Claims Court "failed to consider evidence that [the VA] violated the 14th Amendment." Appellant's Br. 1. However, as explained by the Claims Court, "'alleged violations of . . . rights under the Due Process Clause[] of the . . . Fourteenth Amendment[], and the Equal Protection Clause of the Fourteenth Amendment' are not 'a sufficient basis for jurisdiction [under the Tucker Act] because they do not mandate payment of money by the Government.'" *Hickman*, 122 Fed. Cl. at 651 (brackets omitted) (quoting *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995)). Thus, the Claims Court properly determined it lacked jurisdiction to hear Ms. Hickman's claims of civil rights violations because they are not money mandating. *See id.*; *see also Testan,* 424 U.S. at 398.

CONCLUSION

For the reasons set forth above, the final judgment dismissing Ms. Hickman's case for lack of subject matter jurisdiction is

**AFFIRMED**

COSTS

Each party shall bear its own costs.